## UNITED STATES v. MAGHINANG.
### Cr. A. No. 822.

United States District Court
D. Delaware.
April 15, 1953.

Michael A. Poppiti, Asst. U. S. Atty., Wilmington, Del., for the United States.

Oliver V. Suddard (of Wise & Suddard), Wilmington, Del., for defendant.

LEAHY, Chief Judge.

The United States filed an information against defendant Olaf Vincent Maghinang, in which it charged:

"That on or about December 11, 1952, in the District of Delaware, Olaf Vincent Maghinang, had in his possession 41 marihuana cigarettes, on which no transfer tax had been paid, the said Olaf Vincent Maghinang being a transferee required to pay the transfer tax imposed by Section 2590 (a), Title 26, U.S.C., in violation of Section 2593(a), Title 26, U.S.C."

The case was tried by jury which, after deliberation, were unable to arrive at a verdict of either guilt or innocence.

At trial, the evidence showed defendant borrowed a car from a friend in Chester, Pennsylvania, on December 11, 1952. He drove the car to Wilmington. Around 6 P.M. defendant was stopped by members

of the Wilmington Police Department. He was taken into custody and questioned. The police obtained a search warrant and searched the motor car. They found 41 marihuana cigarettes. The package was concealed in a spot under the dashboard between the steering column and the left-hand side of the car. The package was closed and held by a rubber band in such fashion that the contents could not be seen. The Government contends the critical evidence in the case is a statement defendant uttered when shown the package. He said: "Where did you get them?"

At the close of the testimony, defendant moved for a judgment of acquittal on the ground of insufficient evidence to allow the case to be submitted to a jury. The motion was denied. The motion has been renewed under Cr.R. 29, 18 U.S.C.

After deliberation, the jury announced they could not agree on a verdict. Their vote was 6 to 6. I attempted to persuade them to give further deliberation but the jury were adamant in their disagreement. A mistrial, therefore, was declared.

1. There was no direct testimony that the marihuana cigarettes were in defendant's possession. The Government relied entirely on circumstantial evidence, i. e., defendant and the marihuana cigarettes were in the same car.

In State v. Labato, 7 N.J. 137, 80 A.2d 617, 622, the defendant was charged with illegal possession of lottery slips. As to the legal requirements to establish possession, the Court there said:

"The elements of this possession are: First, the mental attitude of the claimant, the intent to possess, to appropriate to oneself; and, second, the effective realization of this attitude. * * * All the authorities agree that an intent to exclude [one's self] must coexist with the external facts * * *. It is this requirement which prevents the man in whose building, or automobile, or traveling bag, or pocket, liquor is found, which was surreptitiously placed there by another, from being a violator of the law."

In short, to constitute possession, a defendant must "*knowingly* have the condemned objects in his possession". The Government contends that they have the advantage of a presumption of guilt in the case at bar. This runs counter to our orthodox teaching that every defendant is presumed innocent until found guilty. The Government showed that demand had been made on defendant to produce the required order form, in order to have the right to have the marihuana. The evidence showed defendant had no such form and had not paid any tax on the marihuana. The statute provides as follows:

"and proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the collector, to produce the order form required by section 2591 to be retained by him, shall be presumptive evidence of guilt under this section and of liability for the tax imposed by section 2590(a)." 26 U.S.C. § 2593(a).

2. Any provision which destroys the presumption of innocence and creates instead a presumption of guilt should be applied with caution in each particular set of facts and circumstances. Of course, the marihuana cigarettes found in the motor car belonged to someone. That was one of the large questions at the time of trial. And as I view the case, it is still a large question. At least it seemed so to 50% of the jury. There is in this case one view, i. e., defendant's conduct is as consistent with innocence as with guilt. As stated, this case was based on circumstantial evidence. In this Circuit and this District, the law on circumstantial evidence was ably discussed by my colleague, Judge Rodney, in U. S. v. Gasomiser Corp., D.C., 7 F.R.D. 712, 718. He wrote:

"This then being a criminal case based upon circumstantial evidence, in order for the motions of the defendants to be denied guilt must be the only reasonable hypothesis from such evidence. If there is any other reasonable hypothesis, although admittedly guilt may also be a reasonable hy-

pothesis, then the defendants are entitled to judgments of acquittal. In this circuit, it is clear that 'In order to justify a conviction of crime on circumstantial evidence it is necessary that the directly proven circumtances be such as to exclude every reasonable hypothesis but that of guilt,' United States v. Laffman,. 3 Cir., 1945, 152 F.2d 393, 394; United States v. Tatcher,.3 Cir., 1942, 131 F.2d 1002, 1003; United States v. Russo, 3 Cir., 1941, 123 F.2d 420, 423, or, as it has been otherwise stated by many courts in this circuit, 'Unless there is substantial evidence of facts which exclude every other hypothesis but that of guilt, it is the duty of the trial court to instruct the jury to return a verdict for the accused.' Paul v. United States, 3 Cir., 1935, 79 F.2d 561, 563; Nicola v. United States, 3 Cir., 1934, 72 F.2d 780, 786; Grant v. United States, 3 Cir., 1931, 49 F.2d 118, 119; Graceffo v. United States, 3 Cir., 1931, 46 F.2d 852, 853; Ridenour v. United States, 3 Cir., 1926, 14 F.2d 888, 892; Yusem v. United States, 3 Cir., 1925, 8 F.2d 6, 8; Wiener v. United States, 3 Cir., 1922, 282 F. 799, 801."

The Government, I conclude, failed to produce sufficient evidence to prove one of the essential elements of the crime charged—possession of the marihuana cigarettes. Accordingly, a judgment of acquittal should be entered in favor of defendant.