**UNITED STATES of America, Plaintiff,**

v.

**Cruz TIJERINA, Adolfo Mercado Aguilar, Melecio M. Villarreal, Jr., Defendants.**

Cr. No. 17229.

United States District Court
S. D. Texas, Laredo Division.

Feb. 22, 1956.

Malcolm R. Wilkey, U. S. Atty., L. Glen Kratochvil, Asst. U. S. Atty., Houston, Tex., Brian S. Odem, Asst. U. S. Atty., Brownsville, Tex., for plaintiff.

Pete Tijerina, San Antonio, Tex., Nicholas Doran, San Antonio, Tex., for defendants.

ALLRED, District Judge.

Defendants were charged by indictment with smuggling into the United States 1/4 pound of marihuana in violation of 18 U.S.C. § 545. All entered pleas of not guilty and demanded jury trial. At the conclusion of the evidence the defendants moved for verdict of acquittal which was granted by the court. This memorandum is to reflect the basis of the court's action:

On the night in question a car, driven by defendant Tijerina, came across the International Bridge at Laredo from Nuevo Laredo, Mexico, just across the Rio Grande river. The other two defendants, along with a woman companion, were passengers in the car. They were interrogated by the Customs officers as to what they were bringing in from Mexico and declared one bottle of liquor. The Customs officers had a lookout for this particular automobile (based upon information supplied by a "reliable" informer as hereafter discussed). They therefore directed the four passengers to alight and searched their persons. Nothing was found. The car likewise was searched and nothing was found in the interior of the car. Outside, within the curve of the bumper a small package of marihuana was found. No sweepings were taken from the pockets or clothing of the occupants of the car, or of the car itself.[1]

All of the occupants of the car were questioned by the officers and each told substantially the same story: that they had come down from San Antonio the evening before for a trip to the border, arriving about 3:00 a. m.; that they had spent their time in the 1–2–3 Bar in Nuevo Laredo, drinking, dancing, and so on until they were inspected at the International Bridge; and that they knew nothing about the marihuana.

The smuggling statute, 18 U.S.C. § 545, provides that proof of possession of smuggled goods, unless explained to the satisfaction of the jury, shall be deemed evidence sufficient to authorize conviction. As stated to the jury, however, the court could not say that possession had been shown in any defendant.[2] Of course, if there is no possession, there is no obligation to explain. The

Government urges that each defendant here had "constructive" possession. But there can be *no* possession without *knowledge*.[3] While possession may be shown by circumstances, and guilty knowledge inferred from possession, the *fact* of possession first must be shown. The very statute relied upon provides that *proof* of possession is necessary to create the presumption of guilty knowledge and call for explanation. The evidence here as to *possession* is circumstantial and does not exclude every other reasonable hypothesis than that of guilt.

The court had sustained an objection of defendants to the officer relating the "confidential" information he had received which led to posting a lookout for this particular car. In the absence of the jury, the court recalled Customs Agent Kinney who stated that, some time prior to the car coming over, an informer had called him stating that this vehicle was going to try to bring some marihuana into the country. The agent did not disclose the name of the informer. This court has had occasion to discuss the possibility of marihuana being placed in automobiles for the purpose of securing a reward and the duty of the court carefully to scrutinize cases made as the result of information furnished by a "reliable" informer in United States v. Beck, D.C., 138 F.Supp. 756. All that was said there is applicable here. In addition, in another case heard at Laredo the same week, Cr.No.17180, United States v. Gutierrez, the court found the defendant not guilty upon the statement of the United States Attorney that Customs Agent Yates, after investigation, had reported the possibility of a "plant" and entertained serious doubts as to defendant's guilt. As stated in United States v. Beck, supra, the pos-

---

1. Heretofore, in most of the cases presented in the Brownsville division such sweepings have been taken. It has been my observation that defendants rarely can have contact with marihuana without some trace being found in the car or on the person by such sweepings.

2. Cf. the discussion of presumption or in-

ference of guilt from possession and the definition of possession appearing in the concurring opinion of Judge Brown of this Circuit in Barfield v. United States, 229 F.2d 936.

3. United States v. Maghinang, D.C.Del., 111 F.Supp. 760; United States v. Curzio, 3 Cir., 170 F.2d 354, 358.

sibility of a "plant" here is as reasonable a presumption as the one of guilt that arises from the fact of possession. At least there is that possibility here, and, in the absence of some circumstance or evidence, in addition to the mere fact that defendants were in the automobile, the court felt that he could not let a verdict of guilt stand; or even require any defendant further to explain "constructive" possession (if that was shown).

The difficulties which some classes of people might have in explaining possession satisfactorily to a jury is pointed out by Judge Brown in Barfield, supra. Here, the court does not know what the record of the defendants, or any of them, may have been; but, if they had a record, that fact alone would have made it well nigh impossible for them satisfactorily to explain anything.

The Clerk will notify counsel of the entry of this memorandum.