**Guadalupe Martinez RODRIGUEZ, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15831.**

United States Court of Appeals
Fifth Circuit.

April 25, 1956.

---

William H. Russell, Jr., San Antonio, Tex., for appellant.

Harman Parrott, Asst. U. S. Atty., San Antonio, Tex., Russell B. Wine, U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

Appellant was charged in two counts of a three count indictment brought under the Marihuana Tax Act, 26 U.S.C. § 4744(a).

The first count charged defendant and two others with illegal acquisition of fifty pounds of marihuana. The second count charged his co-defendants but not appellant. The third count charged appellant alone with knowingly and unlawfully acquiring nine pounds of marihuana.

One of his co-defendants, Modesto Rodriguez, pleaded guilty to counts one and two, and, though not indicted therefor, claimed and accepted full responsibility for the nine pounds of marihuana charged against appellant alone in the third count.

Modesto having pleaded guilty to counts one and two, the case proceeded to trial against appellant and his co-defendant, Mary Sandejo, the wife of Modesto, before the court without a jury. The appellant and his co-defendant, Mary Sandejo, were acquitted on the first count, Mary was acquitted on the second count, and appellant was convicted on the third count.

Appealing from the judgment and sentence, appellant is here insisting that there was not sufficient evidence to support the conviction. Pointing out that

the evidence, by which it was sought to implicate defendant, was entirely circumstantial and that it was without conflict, appellant insists that it is completely insufficient to measure up to the rule requiring that such evidence be not only consistent with guilt but wholly inconsistent with innocence. Pointing out further that appellant's brother, Modesto, who had a criminal record while Guadalupe had none, not only exonerated Guadalupe from any guilty knowledge of the marihuana, with which Guadalupe was charged, but that it was Modesto who had revealed its existence and had directed his brother to the place where he, Modesto, had put it, appellant insists

that upon the evidence as a whole the verdict is contrary to the truth and right of the case, and the conviction may not stand.

We agree that this is so. The only witnesses were the government agents, appellant, and appellant's brother, Modesto. The only question for the court below to determine was whether or not the government's proof was sufficient to show a guilty possession on the part of appellant. A correct statement of all of the evidence as it affects the defendant on the two counts is set out in appellant's brief,[1] and we adopt it.

The evidence standing thus, the sole question for decision is whether the fact

1. Appellant's co-defendants were his brother, Modesto, and his brother's wife, Mary Sandejo. Modesto had sold marihuana (but had never been prosecuted therefor) to a government employee prior to this arrest, and on the day of arrest, August 22nd, 1955, had thrown away a box containing 163 grains. This was recovered by the agents and was the basis of the charge in count two of the indictment. Just prior to the arrest, appellant had carried from Modesto's home to Modesto's car a suitcase of marihuana, which, with other marihuana found in Modesto's car and its vicinity, was the basis for the first count in the indictment. Appellant had come to Modesto's house to borrow a dollar from him, and Modesto had asked appellant to carry the suitcase out for him, telling him that it contained trash. Mary Sandejo was with Modesto at the time of the sale referred to above and at the time of arrest, but was not shown to have any connection with any of the marihuana.

The brother admitted sole ownership and knowledge of all of the marihuana charged in the indictment, having gotten it near Laredo, Texas, and appellant denied any knowledge of any of the marihuana. Mary Sandejo admitted to a government agent that Modesto was handling marihuana. Appellant had just left his brother immediately prior to the arrest of all three. The agents took all of them to the Bureau of Narcotics Office for questioning and persuaded the brother to "Come clean" and to tell them of any other contraband he had, and the brother related that he had some marihuana hidden in an outhouse behind appellant's residence, and that he had so placed it without appellant's knowledge. This is the

nine pounds of marihuana the appellant is convicted of illegally acquiring.

While in the Narcotics office, the brother told appellant exactly where this marihuana was located, and one of the agents overheard him talking to appellant about it; Modesto directed appellant to go with the agents to the place and get the marihuana, which was done; the reason appellant was taken to get Modesto's marihuana was so there would be no search warrant trouble. Appellant was taken by the officers to the outhouse where Modesto had stated the marihuana was in a wooden box. The outhouse had no door but only an opening, and appellant without apparent hesitation reached into the outhouse and withdrew the box of marihuana from it and handed it to the agent, the marihuana being exactly where his brother had told him it would be.

The brother and appellant each testified that the appellant did not know the marihuana was hidden in his outhouse until the appellant was told about it in the presence of the agents.

Appellant, a young man of twenty years without any record, had never been arrested before.

Agent Hobson testified that the box with the nine pounds of marihuana was in one of two sheds off from a big wide driveway behind appellant's house about twenty feet from the house, one shed being a little larger than the other, and appellant went to the shed, reached inside (there being no door, just an opening) and reached out to the right with his hand to probably touch the box and then pick it up, and no one at that time told him which shed, or where to get the box. It was dark. Agent Dean told the witness that the information that marihuana

that the marihuana was found in a small open tool house, without lock or even door, on the appellant's premises at the rear of his house, and that the appellant at the request of his brother, who told him where to find it, reached into the house and picked it up, is sufficient under the undisputed facts in the case to support a verdict of guilty.

We are of the clear opinion: that the circumstance alone that this box was found in the tool house was not sufficient in itself to convict the defendant; that there was no other circumstance adding weight to it; and that even this circumstance was completely sworn away by the undisputed and unimpeached testimony of the officers, the appellant, and his brother, so as to leave nothing upon which a conviction could rest, except surmise and suspicion.

When, in addition to the lack of positive evidence of guilt, there are considered the undisputed facts: that Modesto was a marihuana handler and peddler; that the officers knew it; that they had laid a trap for him and caught him; that they had found him in possession of large quantities of marihuana in his own house; that it was Modesto who, at the officers' suggestion that he come clean, had advised them that he had, without his brother's knowledge, placed marihuana in the tool shed on his brother's place; and that Guadalupe was shown to have had no criminal record or reputation and was a steady worker, with a family; the finding of guilt is seen to be without reasonable support.

The authorities are clear that circumstantial evidence may, of course, be sufficient to convict. Nevertheless, because of the fact that it is circumstantial and that a grave wrong may be done to an innocent man by reasoning from circumstances not sufficiently cogent in themselves or as connected, and particularly not sufficiently exclusive of every innocent hypothesis, the courts have been very sedulous to prevent an innocent man being found guilty where the evidence does not conform to the acceptable standards.[2]

Apparently in finding the defendant not guilty on count one, the district judge felt the insufficiency of the undisputed facts and the force of the facts as a whole and acquitted the defendant because there was another defendant who had been indicted with him and had pleaded guilty. The fact that the government chose not to indict Modesto for the nine pounds, the existence of which he, and he alone, had revealed to the government, and chose, by indicting him, to put the blame upon Guadalupe, should not change the force and effect of the undisputed facts, that in this count, as in the first count, Modesto is the admitted criminal with a criminal record who brought the presence of this marihuana to the attention of the government. Guadalupe, a young man not yet twenty-one, without record or reputation for wrong doing, with a family to support and a record of supporting them, ought not, we think, to be found guilty of this serious crime on evidence insufficient in itself and in the teeth of all the evidence, including that of the government agents, that Modesto, and not Guadalupe, was the real criminal.

The negative evidence, of which the government seeks to make so much, that one of the agents stated that he did not hear Modesto give Guadalupe specific di-

was at appellant's house was obtained from Modesto.

Agent Dean testified that, when taken to the Narcotics Office, Modesto claimed to have gotten the marihuana near Laredo, that he had some out at appellant's house, but the appellant did not know it was there, and heard Modesto say to appellant in Spanish, "There in the little small house behind", but the agent didn't remember all of the conversation between Modesto and appellant, nor was he listening to all of it.

2. Adams v. United States, 5 Cir., 220 F.2d 297; Crain v. United States, 5 Cir., 148 F.2d 615; Kassin v. United States, 5 Cir., 87 F.2d 183; Hubby v. United States, 5 Cir., 150 F.2d 165.

rections for finding the marihuana, and that Guadalupe went directly to it, showing that he knew it was there, is not, we think, of sufficient weight to stand against the undisputed testimony of another of the agents, that the two brothers talked together for some time and he did not hear what they said, and that Modesto told Guadalupe exactly where the stuff was and directed him how to find it. But this aside, in view of the testimony as to the smallness and openness of this little tool shed, there is no basis for a finding of guilt in the mere fact that Guadalupe, reaching into the dark and feeling for the box, soon found it.

The defendant should have been acquitted. The judgment is reversed with directions to acquit him.