**Alfonso Espinoza COVARRUBIAS,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16361.**

United States Court of Appeals
Ninth Circuit.

Oct. 28, 1959.

Howard R. Harris, San Diego, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert John Jensen, Los Angeles, Cal., Peter J. Hughes, Elmer Enstrom, Jr., Asst. U. S. Attys., San Diego, Cal., for appellee.

Before STEPHENS and HAMLIN, Circuit Judges, and LINDBERG, District Judge.

HAMLIN, Circuit Judge.

Defendant Alfonso Espinoza Covarrubias and his wife Rachel were indicted and charged with smuggling nine and one-half pounds of marihuana into the United States from Mexico at the port of San Ysidro, California, in violation of 21 U.S.C.A. § 176a.[1]

Both entered pleas of not guilty, but when the case came on for trial on July 29, 1958, Rachel changed her plea to guilty. The trial proceeded as to appellant alone, and he was convicted by the jury and sentenced to imprisonment in accordance with law.

He appealed from the judgment of conviction and from the denial of his motion for acquittal and for a new trial. This court has jurisdiction of the appeal under 28 U.S.C.A. § 1291.

The evidence showed that appellant and his wife Rachel, apparently residents of southern California, returned to the United States from Mexico on March 29, 1958, in a 1955 Buick automobile which was registered to the appellant and his wife. At the border, when questioned, the appellant stated he was bringing no merchandise from Mexico. He was then asked to open the trunk of the automobile, which was locked. Appellant produced a key to the trunk and opened it. The automobile was on a "lookout" list which indicated that it was to be given a special detailed search. Appellant was directed to another inspection area where the spare tire was removed from the automobile and the air let out. The tire was then taken to a gasoline station where it was removed from the wheel and some nine and a half pounds of material, later proved to be marihuana, was removed from inside the tire. The appellant denied knowing anything about the marihuana.

The only specifications of error by appellant are (1) that the evidence was insufficient to support the guilty verdict and (2) that the Court erred in sustaining an objection to a question regarding the narcotics record of a third person.

In addition to the evidence which is set out above and established by government witnesses, the defendant testified as follows: that he entered Mexico from the United States on the early morning of March 29 about 1:00 a. m., accompanied by his wife and two children; that he left his family at a hotel and about 6:00 a. m. went to see his brother in Tiajuana, driving his automobile for that purpose; that at about 7:00 a. m., he and his brother went back to the hotel; that his wife and brother left the hotel, his wife returning about noon time; that in the early afternoon he walked to his brother's house, a distance of about six blocks, and returned to the hotel about 2 or 3 o'clock in the afternoon; and that his wife returned about 4 o'clock in the afternoon, at which time they packed up their things and left for the border. At no time did he testify that on the trip to and from Mexico anyone other than himself had either driven or had a key to the automobile or the trunk compartment.

Appellant contends that there was not sufficient evidence to support the verdict of conviction. We do not agree.

1. 21 U.S.C.A. § 176a, in pertinent part, provides as follows:

"Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have been invoiced, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000.
* * *
"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."

As stated in Evans v. United States, 9 Cir., 257 F.2d 121, 128:

"Knowledge and control, and hence possession, may be proved circumstantially. United States v. Pinna, 7 Cir., 229 F.2d 216, 218. Proof that one had exclusive control and dominion over property on or in which * * * narcotics are found is a potent circumstance tending to prove knowledge of the presence of such narcotics, and control thereof."

■ There were ample circumstances in this case to support the verdict that not only did the appellant have possession of the marihuana but also that he had a knowledgeable possession. As indicated above, there was no evidence of any kind indicating that anyone else but appellant had even driven the car on the trip to Mexico, had made any use of the car in any way, or had a key to the trunk compartment of the car.

The cases cited by appellant are clearly distinguishable. In all of them it was established that persons other than defendant had an equal or superior opportunity of access to the place where the narcotics were found. People v. Antista, 129 Cal.App.2d 47, 276 P.2d 177; Guevara v. United States, 5 Cir., 242 F.2d 745; United States v. Maghinang, D.C., 111 F.Supp. 760.

■ The second specification of error is that the Court erred in excluding evidence of the narcotics record of a third person. While the appellant was on the witness stand, the following took place:

"Q. And does anyone else have access and use your automobile? A. My wife.

"Q. Any one other than your wife? A. A brother of my wife.

"Q. And is his name Fred Navarra? A. Yes.

"Q. And has he been convicted of possession of narcotics?

"Mr. Hughes: Objection, your Honor. That's immaterial.

"The Court: It will be sustained.

"Mr. O'Laughlin: That's all I have, your Honor."

Appellant did not show nor attempt to show that Fred Navarra was in the automobile during the trip to Mexico or that Fred Navarra was ever in Mexico or that he ever had a key to the automobile or the trunk thereof. Neither was there any attempt to show when or under what circumstances Fred Navarra had ever been in or near the automobile.

Under these circumstances we see no error in the action of the Court in sustaining the objection.

The judgment is affirmed.