Robert Lewis EASON and Kenneth Lamoyne Nowlin, Appellants,

v.

UNITED STATES of America, Appellee.

No. 16708.

United States Court of Appeals
Ninth Circuit.

July 18, 1960.

Rehearing Denied Sept. 7, 1960.

Howard R. Harris, San Diego, Cal., for appellant Nowlin.

William F. Gavin, San Diego, Cal., for appellant Eason.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, William Andersen Dougherty, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS, STEPHENS and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

Narcotics were found secreted in appellants' car. Appellants denied knowledge of the presence of the narcotics and established the possibility that they could have been secreted by others without knowledge of appellants. Under the circumstances, could the jury properly infer from the presence of the narcotics that appellants had knowledge of such presence? We hold, under the circumstances of this case, that such inference was available.

■ This appeal is taken from judgment of conviction of the crime of illegal importation into the United States of marihuana (21 U.S.C.A. § 176a) and of seconal and amphetamine tablets (18 U.S.C. § 545). Each cited section renders unlawful importation "knowingly" and with "intent to defraud the United States." Each section provides that possession shall be deemed sufficient evidence to authorize conviction unless explained to the satisfaction of the jury. Possession, however, must be such as to establish both control over the subject and knowledge of its presence. Evans v. United States, 9 Cir., 1958, 257 F.2d 121, 128, certiorari denied 358 U.S. 866, 79 S.Ct. 98, 3 L.Ed.2d 99.

Appellants contend that the record does not contain any evidence that their possession of the narcotics was with their knowledge and that they are entitled to acquittal as a matter of law. Each asserts that it is equally probable that the other had possession of the narcotics or that some third person had placed them in the car.

Their testimony was as follows: They had been good friends for about two years. On May 8, 1959, by mutual agreement, they undertook a trip from Ingleside, California, where they resided, to Tijuana, Mexico. Eason was interested in attending the dog races. Nowlin was interested in window-shopping for a suede jacket for his wife and for a chess set. Shortly after 1:30 p. m., Nowlin secured and cashed an unemployment compensation check in the sum of $40.00. He left $25.00 with his wife, retained $15.00, and the two proceeded to Tijuana in Eason's car, a 1951 Dodge convertible. Nowlin provided the gasoline and food out of his funds. The trip took about four and one-half hours, which was somewhat longer than anticipated due to the fact that the car was in such condition that it had to be driven slowly. The two arrived in Tijuana about 6:00 p. m. and were there until around 9:30 p. m. During this time they strolled through a few curio shops, saw about three dog races and spent some time at a couple of cafes. They were together most of the time. During all of this time the car had been parked with the top down.

At the border, upon their return, they submitted to inspection. Because they appeared nervous and because of their manner of answering questions, the suspicion of the inspector was aroused. He decided upon a search. A paper bag containing the narcotics was found secreted behind the dashboard. Appellants both deny putting the bag there or knowing of its presence.

There is no question but that the package could have been put in its hiding place by someone without the appellants' knowledge. They contend under these circumstances that the mere fact that the goods were found in the car they were driving is not sufficient circumstantial evidence of knowledge; that an inference of innocence was as reasonable as an inference of guilt; that, since anyone could have put the package there, the jury was not entitled to infer from its presence in their car that appellants had put it there.

■ Possession can be established by circumstantial evidence. Covarrubias v. United States, 9 Cir., 1959, 272 F.2d 352; Evans v. United States, 9 Cir., 257 F.2d 121, supra; United States v. Malfi, 3 Cir., 1959, 264 F.2d 147, certiorari denied 361 U.S. 817, 80 S.Ct. 57, 4 L.Ed.2d 63; United States v. Pinna, 7 Cir., 1950, 229 F.2d 216. Indeed, one might ponder long before discovering any other possible form of proof aside from admission. In Evans v. United States, supra, at page 128 of 257 F.2d, this Court stated:

"Proof that one had exclusive control and dominion over property on or in which contraband narcotics are found, is a potent circumstance tending to prove knowledge of the presence of such narcotics, and control thereof."

In Stoppelli v. United States, 9 Cir., 1950, 183 F.2d 391, certiorari denied 340 U.S. 864, 71 S.Ct. 88, 95 L.Ed. 631, this Court considered the contention that the circumstantial evidence upon which the

defendant had been convicted was as consistent with a theory of innocence as with one of guilt. We stated, at page 393 of 183 F.2d:

"The testimony of the fingerprint expert was sufficient to go to the jury if its nature was such that reasonable minds could differ as to whether inferences other than guilt could be drawn from it. It is not for us to say that the evidence was insufficient because we, or any of us, believe that inferences inconsistent with guilt may be drawn from it. To say that would make us triers of the fact. We may say that the evidence is insufficient to sustain the verdict only if we can conclude *as a matter of law* that reasonable minds, as triers of the fact, must be in agreement that reasonable hypotheses other than guilt could be drawn from the evidence."

Accord: Remmer v. United States, 9 Cir., 1953, 205 F.2d 277, 288, vacated on other grounds 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654; Elwert v. United States, 9 Cir., 1956, 231 F.2d 928, 933; Ferrari v. United States, 9 Cir., 1957, 244 F.2d 132, 138, certiorari denied Darneille v. United States, 355 U.S. 873, 78 S.Ct. 125, 2 L.Ed.2d 78.

■ As for the contention, advanced by each, that the other could have been the possessor, the evidence of close friendship, joint venture and general conduct were sufficient to warrant a reasonable jury finding beyond reasonable doubt that possession was joint.

■ As for the alternative theory, there is no doubt that the narcotics *could* have been secreted in appellants' car by some stranger without their knowledge. The question, however, is whether minds of reasonable men might differ as to the reasonableness of this theory. We cannot say in this case that the theory that the narcotics were secreted by a stranger is so patently reasonable as to warrant our ruling as a matter of law that an inference of knowledge was not available from the facts of the case. We

conclude that it was proper to leave this determination to the jury and that its judgment will not be disturbed.

Appellants next contend that the court should have granted their motion, made after submission of the case to the jury, to recall the jury and reopen the case to present evidence upon a question raised by the jury.

On the afternoon of the second day of trial, upon motion of appellants, the jury viewed the appellants' car, produced from custody by federal authorities. Appellants apparently wished to demonstrate to the jury that the car was open and could not have been locked while parked in Tijuana. Also, apparently, they wished to secure a race program from the car for purposes of evidence and to ascertain whether any other papers or articles in the car might be used to corroborate their testimony.

The following day the case was submitted and at 10:25 a. m. the jury retired. Shortly thereafter, the jury sent a question to the judge reading: "Was a registration certificate on the automobile or visible? We did not see any." The court summoned counsel who agreed that the jury would be sufficiently answered by advising them that it was not disputed that Eason was the owner of the car. The jury was so advised. It was obvious, however, that they did not consider this to answer their question. The court finally advised: "Well, as I told you, you saw what you saw. But there was no discussion during the testimony as to any registration certificate. But I have already told you that there is no dispute as to the ownership of the car." The foreman replied: "That answers our question, your Honor." The jury again retired at 11:40 a. m.

At 2:00 p. m., counsel for Eason stated to the court that he had been advised by his client that a temporary registration certificate had been pasted to the windshield of the car when the car had been taken at the border; and that the certificate had not been on the car when it had

been viewed. He requested that the case be reopened in order that Eason might testify to this effect. He explained his position as to the importance of this testimony in the light of the jury's question: that appellants' theory was that some stranger had secreted the bag of narcotics in their car, apparently intending to recover it later; that the jury may have felt this theory to be unreasonable unless it appeared that the stranger would know where to find the car in the United States. The court denied the request.

■ Several considerations combine to convince us that this denial was not an abuse of discretion. First: reopening a case for the purpose of introducing overlooked evidence must be done with extreme reluctance because of the undue emphasis given to the introduced evidence with consequent distortion of the evidence as a whole and the possibility that such prejudice will result to the other party as to require a mistrial. See United States v. Bayer, 1947, 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654; Henry v. United States, 6 Cir., 1953, 204 F.2d 817. In the Bayer case the court stated:

"The evidence, if put in after four hours of deliberation by the jury, would likely be of distorted importance. It surely would have been prejudicial to the Government, for the District Attorney would then have had no chance to comment on it, summation having been closed * * * the court seems to have faced a dilemma, either to grant a mistrial and start the whole case over again or to deny the * * * request. Certainly a defendant who seeks thus to destroy a trial must bring his demand within the rules of proof and do something to excuse its untimeliness." 331 U.S. at page 538, 67 S.Ct. at page 1397.

■ Second: as we discuss later, there has been no showing to excuse the untimeliness of the offer.

Third: we have no assurance as to the reason for the jury's question. At the outset the District Judge and counsel all felt that it had to do with the ownership of the car. It was not until over an hour later that counsel decided that other significance might be attached to it.

We conclude that the denial of the motion to reopen was not an abuse of discretion.

■ Appellants assign as error the failure of the District Court to grant a new trial in the light of the jury's question in order that evidence as to the presence of the certificate might be introduced. Insofar as the jury question was concerned, the motion for new trial was based upon failure to reopen the case upon counsel's request. The requirements of a motion grounded upon newly discovered evidence were not met.

It is clear that the jury question could not have been answered other than it was by the court. The fact that it was asked at all served belatedly to bring to the attention of appellants a possible weakness in the evidentiary support of their theory of defense. There has been no showing whatsoever, however, as to why this lack was not cured during trial; nor has any motion been made grounded upon newly discovered evidence nor which meets the requirements of such motions. Denial of the motion for new trial was not error.

■ Appellants contend that, implicit in their request to reopen and their motion for new trial, is a suggestion that government agents have been guilty of tampering with the evidence and that for policy reasons a new trial should have been ordered.

No sufficient suggestion to this effect is to be found. Never was the matter presented to the District Court upon this basis. The car was brought to the jury by its custodians upon request of appellants. The government, prior to trial, has not been shown to have had any knowledge that the car was to be used in an evidentiary capacity. It is conceded that, even had a certificate been removed, such action may have been an innocent procedural compliance with necessities

of custody. The meager representations in the record do not, to us, amount to a sufficient suggestion that government agents have resorted to tampering with matters of evidence.

Finally, appellants in certain respects have assigned error in instructing the jury. An examination of the instructions as a whole convinces us that this contention is without merit.

Affirmed.