UNITED STATES of America,
Plaintiff-Appellee,

v.

Marvin Frederick LEAZAR and David
Anthony Brown, Defendants-
Appellants.

No. 71–1287.

United States Court of Appeals,
Ninth Circuit.

May 9, 1972.

Harry Stewart, Jr. (argued), E. Reid
Southern, of Stewart & Pickrell, Phoe-
nix, Ariz., for defendants-appellants.

Stanley L. Patchell, Asst. U. S. Atty. (argued), Richard K. Burke, William C. Smitherman, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before KOELSCH and ELY, Circuit Judges, and TAYLOR,* District Judge.

ELY, Circuit Judge:

On June 7, 1970, Sergeant De La Ossa of the Nogales, Arizona police department noticed a black and white Chevrolet parked in the downtown area of Nogales. Later that day, while patrolling the same area, he observed two people approach the Chevrolet in a tan Oldsmobile. When the Oldsmobile stopped, the passenger, later identified as Leazar, got out, walked to the Chevrolet, climbed inside, and drove away. Sergeant De La Ossa could not identify the driver of the Oldsmobile.

Three days later, on June 10th, De La Ossa, while on patrol, saw that the Chevrolet had been parked in approximately the same location as before. Suspicious, he approached the Chevrolet to investigate. According to his testimony at trial, he specifically wished "to go and check it, to get a smell of it." Upon reaching the car, De La Ossa detected a strong odor which he identified as that of marijuana. He therefore put the Chevrolet under surveillance. While watching that car, he notified one of the local Customs Bureau officials, Agent Timilty, of his discovery.

After waiting approximately 90 minutes, De La Ossa saw a Ford, which he had not seen before, approach the Chevrolet along the same route that the Oldsmobile had covered three days earlier. The Ford stopped near the Chevrolet. Leazar left the Ford and, as before, entered the Chevrolet and drove away. After again notifying Agent Timilty, De La Ossa followed Leazar. He continued to do so until Timilty, who had caught up with De La Ossa and Leazar and was driving behind them, ordered De La Ossa to stop Leazar. When he did so,

Leazar drove to the side of the road, as did De La Ossa and Timilty.

Shortly thereafter, De La Ossa observed the Ford in which Leazar had been delivered to the Chevrolet pass the parked vehicles, proceeding in the same direction that Leazar had been traveling. He called this to Timilty's attention, and Timilty pursued the Ford. He stopped it and ordered its driver, Brown, to return, with him, to the place where Leazar had been apprehended. Upon returning there, Timilty searched the Chevrolet and discovered a quantity of marijuana secreted in the vehicle's door panels and under its rear seat. He and De La Ossa then took Leazar and Brown to the local jail. There, Timilty briefly interrogated Brown after having given Brown the required warnings. Brown indicated only that he did not know Leazar.

Both Leazar and Brown were convicted, in a joint nonjury trial, of having violated 26 U.S.C. § 4744, the Marijuana Stamp Tax Act. They now appeal, advancing two basic grounds for reversal. First, they argue that the arrest and the search which led to discovery of the marijuana were illegal and that evidence of that contraband should therefore, pursuant to their motion, have been suppressed by the District Court. Secondly, they argue that, even if the marijuana was properly admitted as an exhibit, the evidence was insufficient to support their convictions. As to Brown, the second contention is well taken. As to Leazar, on the other hand, we have concluded that neither argument has merit.

■ There were only four bits of evidence that related to Brown. There were the facts (1) that he had delivered Leazar to the Chevrolet on June 10th, (2) that he had driven from Nogales in the same direction taken by Leazar, and (3) that he had denied knowing Leazar, and (4) that De La Ossa thought that Brown had the same physical stature and hair color as the unidentified driver

* Honorable Fred M. Taylor, Senior United States District Judge, Boise, Idaho, sitting by designation.

of June 7th. Even when we view this evidence, as we must, in the light most favorable to the Government, we think it wholly inadequate to support Brown's conviction.[1] At most, it supplied a basis only for suspicion. Brown's acts were fully consistent with innocence, and they cannot support a determination, beyond reasonable doubt, of his guilt. One cannot be convicted of a crime simply because he has had contact with, or association with, another person engaged in criminal activity. Murray v. United States, 403 F.2d 694 (9th Cir. 1969). *See also* Bettis v. United States, 408 F. 2d 563 (9th Cir. 1969); Arellanes v. United States, 302 F.2d 603 (9th Cir. 1962). Moreover, there was no evidence upon which one could reasonably conclude that Brown was, or had ever been, constructively in possession and control of the contraband. *See* Montoya v. United States, 402 F.2d 847 (5th Cir. 1968); Arellanes, *supra;* Glenn v. United States, 271 F.2d 880 (6th Cir. 1959).[2]

■■ The issues presented by Leazar are more complex. At the outset, he argues that the search was invalid because of the absence of probable cause.[3] Probable cause for arrest requires that the arresting official shall then possess such knowledge which would lead a prudent man to believe that the person to be arrested had committed, or was committing, an offense. United States v. Selby, 407 F.2d 241 (9th Cir. 1969). Here, because of his remarkable sense of smell and his expertise concerning the odor of marijuana, De La Ossa acquired, when he neared the Chevrolet, probable cause to believe that a crime was being committed through the use of the vehicle. This was elevated into a foundation for a lawful arrest when De La Ossa saw Leazar take possession of the Chevrolet for the second time within a brief period. From the evidence available to De La Ossa, it was reasonable for him to believe that Leazar possessed a vehicle containing contraband. This justified the arrest.[4]

■ Leazar also questions the validity of the search which led to the actual discovery of the contraband, contending that the search was invalid because De La Ossa and Timilty lacked probable cause therefor. That, of course, depends upon whether the officers had sufficient reason to believe that contraband would be found in the place to be searched. In light of the District Court's apparent acceptance of the truth of the testimony concerning the odor of marijuana emanating from the Chevrolet, its finding of probable cause cannot be held to be fatally incorrect.[5]

■ Finally, Leazar challenges the sufficiency of the evidence introduced

1. We assume, without deciding, that there was probable cause to arrest Brown.

2. We need not reach Brown's other contentions.

3. In its briefs to this court, the Government argues, for the first time in this case, that the stop initiated by Agent Timilty's request that De La Ossa stop Leazar qualifies as a border search under United States v. Weil, 432 F.2d 1320 (9th Cir. 1970). Since it openly conceded at trial that border search principles were not involved herein, we do not consider the merits of its new argument.

4. Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959) and Plazola v. United States, 291 F.2d 56 (9th Cir. 1961), relied upon by Leazar, are inapposite. In those cases, the arresting officers had only generalized suspicions regarding the persons arrested. At the time they were arrested, neither Henry nor Plazola had done anything to indicate to any observer that they were then engaged in a criminal enterprise. Here, in contrast, De La Ossa had a more solid basis for his belief that anyone driving the Chevrolet was trafficking in marijuana.

5. Leazar recognizes that in the circumstances under which the search was actually conducted, no search warrant was necessary. *See* Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). He argues, however, that De La Ossa should have secured a warrant during the very brief period between the discovery of the marijuana and Leazar's return to the car. Under the particular facts of this case, we are not persuaded. *See* United States v. Sherman, 430 F.2d 1402, 1406 (9th Cir. 1970).

against him on the grounds that it was inadequate to demonstrate that he had the required knowledge of the contraband. Our review of the record convinces us otherwise. The uncontradicted evidence was that Leazar had apparently uninterrupted control of a car reeking with the odor of marijuana. From this, the District Court justifiably found the degree of knowledge and control required for Leazar's conviction. *See* Eason v. United States, 281 F.2d 818, 820–821 (9th Cir. 1960).[6]

The judgment of conviction as to Brown is vacated, and, upon remand, the indictment against him will be dismissed.

The judgment of conviction as to Leazar is affirmed.

So ordered.

6. The cases relied upon by Leazar in support of his argument as to the adequacy of the prosecution's evidence of possession are not here applicable. Montoya v. United States, 402 F.2d 847 (5th Cir. 1968); Arellanes, *supra*; Guevara v. United States, 242 F.2d 745 (5th Cir. 1957); United States v. Tijerina, 138 F.Supp. 759 (S.D.Texas 1956). In each of those cases, there was someone other than the defendant who could have been in possession of the contraband. In this case, only Leazar was connected to the marijuana.