**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jimmy RODRIGUEZ, Jr., Defendant—Appellant.**

No. 05–10193.
D.C. No. CR–04–01175–RRC/JCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2006.

Decided March 20, 2006.

of this circuit except as provided by 9th Cir. R. 36–3.

Celeste Corlett, USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff—Appellee.

John D. Kaufmann, Tucson, AZ, for Defendant—Appellant.

Before RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Jimmy Rodriguez, Jr., who entered into a conditional plea agreement in which he pled guilty to Possession with Intent to Distribute Marijuana in excess of 100 kilograms, appeals the District Court's denial of his motion to suppress and his sentence.

We conclude that the motion to suppress was properly denied and that he is not eligible for safety valve relief pursuant to 18 U.S.C. § 3553(f).

■ Rodriguez's motion to suppress was properly denied because even assuming there had been an arrest, the agents had probable cause. "Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *United States v. Buckner,* 179 F.3d 834, 837 (1999) (quoting *United States v. Garza,* 980 F.2d 546, 550 (9th Cir.1992)) (alteration in original) (citation and quotation marks omitted). Several factors contributed to the agents concluding that there was a fair probability that Rodriguez was committing an offense: (1) the mismatched license plate; (2) the appearance of a false bed in the truck; (3) the observation that the truck had been altered such that an eight-to-ten-inch gap existed; (4) the odor of marijuana; and (5) the apparent inconsistencies with Rodriguez's claim that he had just come from laying tiles. *See, e.g., United States v. Leazar,* 460 F.2d 982, 984 (9th Cir.1972) (holding that the smell of marijuana, together with other suspicious behavior, gave rise to probable cause). Given the totality of the circumstances, the agents had probable cause to arrest Rodriguez.

■ Even assuming that Rodriguez did not waive his right to appeal his sentence, he is not entitled to safety valve relief because he does not meet the necessary criteria under 18 U.S.C. § 3553(f). In order to be safety valve eligible, Rodriguez must have no more than one Criminal History Point prior to any application of a

---

downward departure. *United States v. Valencia–Andrade,* 72 F.3d 770, 774 (9th Cir.1995); U.S.S.G. § 5C1.2(a)(1). Here, Rodriguez properly received two Criminal History Points for his prior probation revocation related to a conviction for Driving Under the Influence. Thus, he is not eligible for the safety valve.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.