23-6054
*United States v. Abboud*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand twenty-five.

PRESENT:    DENNIS JACOBS,
            STEVEN J. MENASHI,
            MYRNA PÉREZ,
                 *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee,*

  v.                                                                    No. 23-6054

WAFA ABBOUD,

     *Defendant-Appellant,*

MARCELLE P. BAILEY, RAMI MISBAH TAHA,
ARKADIUSZ SWIECHOWICZ,

     *Defendants.*\*

_____

_____

\*  The Clerk of Court is directed to amend the caption as set forth above.

*For Defendant-Appellant*:   DANIEL M. PEREZ, Law Offices of Daniel M. Perez, Newton, NJ.

*For Appellee*:   FRANK TURNER BUFORD, Assistant United States Attorney (Saritha Komatireddy, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Wafa Abboud appeals from a judgment entered by the United States District Court for the Eastern District of New York. Following trial, Abboud was convicted of conspiracy to steal federal program funds, embezzling federal program funds, conspiracy to commit bank fraud, bank fraud, and money laundering. The district court sentenced Abboud to 33 months of imprisonment and ordered restitution in the amount of $1,415,000.

On appeal, Abboud argues that the district court should have granted her motion for a new trial because she was denied the right to testify. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I

The right to testify is "one of the rights that 'are essential to due process of law in a fair adversary process.'" *Rock v. Arkansas*, 483 U.S. 44, 51 (1987) (quoting *Faretta v. California*, 422 U.S. 806, 819 n.15 (1975)). The right "has its roots in several provisions of the Constitution, including the Due Process Clause of the Fifth Amendment, the Fifth Amendment's guarantee against compelled testimony, and

2

the Compulsory Process Clause of the Sixth Amendment." *Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011).

"[T]he right to testify is personal to the defendant," which means that it is "waivable only by the defendant himself regardless of tactical considerations." *Brown v. Artuz*, 124 F.3d 73, 78, 77 (2d Cir. 1997). "Although counsel should always advise the defendant about the benefits and hazards of testifying and of not testifying" and may even "strongly advise the course that counsel thinks best," we have explained that "counsel must inform the defendant that the ultimate decision whether to take the stand belongs to the defendant" and that counsel "must abide by the defendant's decision on this matter." *Id.* at 79.

## II

Abboud argues that the district court should have granted her motion for a new trial because she was denied the right to testify. First, Abboud argues that her attorneys overrode her will to testify by (1) leading her to believe that she did not need to decide whether to testify before the defense rested because the district court would ask her if she wanted to testify, and (2) failing to inform the district court during summations that she wanted to testify. Second, Abboud argues that the district court overrode her will to testify by (1) advising her against testifying, and (2) declining to allow her to testify after summations. We address each argument in turn.

## A

"We review a district court's denial of a Rule 33 motion for abuse of discretion; we assess its findings of fact in connection with such a denial for clear error." *United States v. Alston*, 899 F.3d 135, 146 (2d Cir. 2018).

Abboud argues that the district court abused its discretion by not granting her motion for a new trial based on evidence purporting to show that her attorneys overrode her will to testify. She claims that she did not assert her right to testify because her attorneys convinced her that the proper moment to assert it would be

when the district court invited her to testify, an opportunity that did not materialize. Abboud also claims that her attorneys concealed from the district court the fact that, after she realized the district court's inquiry would not occur, she told her attorney during summations that she wished to testify.

Following an evidentiary hearing, the district court found that Abboud decided prior to the close of her case not to testify but changed her mind during summations. At the hearing, Abboud testified that she did not "express my desire to testify" at trial because she expected that "in the end the judge will ask me if I want to testify and then I can make my decision." Def.'s App'x 156. Abboud also testified at the hearing that her "mind was made up all the time" that she would testify, *id.* at 158, and that her attorneys agreed that she would testify, *see id.* at 139.

Abboud's attorneys contradicted her account. Her attorneys testified that although Abboud had "changed her mind" repeatedly about whether to testify throughout the course of trial, *id.* at 190, she ultimately "said she would not testify," *id.* at 204, and "she agreed with our position that she should not testify," *id.* at 187. The testimony of Abboud's attorneys was supported by contemporaneous email evidence. On the day before the defense rested, one of Abboud's attorneys sent the government an email reflecting "a rough chart of the chances of Ms. Abboud testifying" the next day. *Id.* at 189. The chart indicated that, although Abboud had changed her mind throughout the day, she most recently had decided not to testify. *See id.* at 227. Considering this evidence, the district court did not clearly err by finding that Abboud knowingly and voluntarily decided not to testify and only "changed her mind about testifying ... after the conclusion of her case." *United States v. Abboud*, No. 16-CR-396, 2022 WL 3595055, at *5 (E.D.N.Y. Aug. 23, 2022).

We agree with the district court that Abboud's "right to testify could still have been violated even though she did not request to testify until it was too late." *Id.* If her attorneys led her to believe that she did not need to decide whether to testify because she would be given the opportunity to decide later in the

4

proceedings, they would have failed to "advise [her] concerning the exercise of this constitutional right." *Brown*, 124 F.3d at 74. Here, however, the evidence—including Abboud's testimony that her "mind was made up"—contradicts her position that she was waiting to decide whether to testify. Def.'s App'x 158; *see also id.* at 140-41 (Abboud's testimony that she believed "the judge will ask you if you want to testify" so "I still have a chance to make a decision then if I want to testify"). The district court did not clearly err in its determination that Abboud knowingly and voluntarily chose not to testify.

Abboud further argues that her attorneys overrode her will to testify by failing to inform the district court of her desire to do so once she belatedly changed her mind. While one of her attorneys delivered his summation, Abboud told her other attorney that she wanted to testify. Her attorney responded that they could discuss it after summations, but the subject was not raised again. We see no clear error in the district court's determination that the attorney did not override Abboud's will and "that she instead changed her mind about testifying ... after the conclusion of her case." *Abboud*, 2022 WL 3595055, at *5.

Because the district court did not clearly err in its factual determination that Abboud's counsel did not override her will to testify, we conclude that the district court did not abuse its discretion by denying her motion for a new trial on that basis.

**B**

Abboud next argues that the district court overrode her will to testify by (1) advising her against testifying and (2) declining to reopen the evidence after summations to let her testify.

There is "no general obligation on the trial court to inform a defendant of the right to testify and ascertain whether the defendant wishes to waive that right." *Brown*, 124 F.3d at 79. Nevertheless, the district court clearly explained to Abboud that it was her choice whether to testify:

5

I don't think that it would be very smart at this point for you to testify. Yes, you have a right to testify and your lawyer can't stop you. It's your decision. If you wanted to testify, he couldn't say no, you can't. I now have a factual dispute between you and your lawyer and it seems to me that the wisest course right now would be to give this case to the jury and deal with this in the event that you are convicted.

Def.'s App'x 107-08. The district court made these comments in response to Abboud's accusation that her attorneys had poorly represented her. Abboud accused her attorneys of "ignor[ing]" evidence, *id.* at 97, and of "bullying" her, *id.* at 103. She claimed that they had "misrepresented the case." *Id.* As the district court explained, for Abboud to testify under these circumstances, "it would have to be with different lawyers and after you are prepared for trial." *Id.* at 108. Given this context, the district court's colloquy was not inappropriate.

Nor did the district court abuse its discretion by declining to let Abboud testify after summations. Although "[t]he district court is vested with discretion to reopen a case after the defense has rested," *United States v. Burger*, 739 F.2d 805, 809-10 (2d Cir. 1984), we have cautioned that a district court should exercise this discretion "with 'extreme reluctance' given the substantial risk of prejudice to the defendant," *United States v. Crawford*, 533 F.3d 133, 143 (2d Cir. 2008) (citation omitted) (quoting *Eason v. United States*, 281 F.2d 818, 822 (9th Cir. 1960)). After summations, Abboud criticized her attorneys' representation, and her attorneys denied her allegations. Given this "factual dispute," the district court appropriately exercised its discretion by declining to put Abboud on the stand at that moment. Def.'s App'x 108.

Abboud argues that she was sufficiently prepared to take the stand and cites her attorney's statement during the evidentiary hearing that he had done "trial preparation" with her. Appellant's Br. 25. When the district court determined that Abboud was unprepared to testify, the district court could not have known the extent of Abboud's preparedness. Regardless, given that Abboud had just disavowed her attorneys—who in turn disputed her account of their

6

representation—the district court reasonably decided that her attorneys were not in a position to provide effective representation should Abboud testify at that moment. We see no abuse of discretion in the district court's decision to let the jury deliberate, to appoint new counsel, and to conduct an evidentiary hearing on Abboud's motion for a new trial to determine whether her representation had been ineffective. *Cf. Crawford*, 533 F.3d at 138 (identifying no abuse of discretion when the district court considered "the timeliness of the motion, the character of the testimony, and the effect of granting the motion").

\* \* \*

We have considered Abboud's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court