**Hildree OLIVER, Appellant,**

v.

**J. D. MIDDLEBROOKS, Supt., et al., Louisiana Correctional and Industrial School, Appellees.**

No. 24953.

United States Court of Appeals
Fifth Circuit.

Oct. 17, 1968.

Bernard E. Burk, New Orleans, La., for appellant.

George A. Bourgeois, Jack E. Yelverton, Asst. Attys. Gen., Baton Rouge, La., Jack P. F. Gremillion, Atty. Gen. of State of La., Jim Garrison, Dist. Atty., Orleans Parish, State of La., for appellees.

Before GEWIN and BELL, Circuit Judges, and BOOTLE, District Judge.

PER CURIAM:

Appellant, a state prisoner, appeals from the district court's denial of habeas corpus relief, contending that in his trial in the Criminal District Court, Parish of Orleans, State of Louisiana, certain errors were committed, that these errors are of federal constitutional proportions, and that therefore his incarceration is invalid. The errors he in-

sists upon are: (1) the admission of evidence obtained as the result of the execution of a search warrant issued for the search of his person and personal effects, it being his contention specifically that the affidavit upon which the search warrant was obtained was insufficient to constitute probable cause in that it allegedly stated only conclusions rather than specific facts, (2) permitting the prosecuting attorney in his opening statement to the jury to state and later to prove that appellant had "track marks" on his arm at the time of his arrest, (3) interpreting the state narcotics statute so as to require (and hence permit) the proof of guilty knowledge, and (4) refusing to permit appellant, by way of rebutting the remark concerning, and proof of "track marks," to offer proof that he had never been convicted of a felony.

Each of these alleged errors was carefully considered by the Supreme Court of Louisiana on appellant's appeal from his conviction and each ruling complained of was there found to be correct. We agree with the reasoning and conclusions of that court. See State v. Oliver, 247 La. 729, 174 So.2d 509 (1965).

■ The search warrant affidavit is fully copied in the case just cited and will not be set forth here. We find it fully sufficient. No contention has been made that this affidavit was not sufficient for the issuance of the search warrant for the search of the co-defendant, Juanita Davis, who pleaded guilty and is not a party to this case. No such contention could be made. The informer stated that "she had placed it (the heroin) on her person." It also sufficiently shows that it was a joint possession. The informer was "positive that they have the heroin with them" on a 21-hour train trip from Chicago to New Orleans. As for appellant's contention that in so far as the affidavit shows the co-defendant could have been the sole possessor, it has been held that "evidence of close friendship, joint venture and general conduct were sufficient to warrant a reasonable jury finding *beyond reasonable doubt* that possession was joint." Eason v. United States, 281 F.2d 818, 87 A.L.R.2d 842 (9th Cir. 1960) (emphasis added). It necessarily follows that the facts stated in the affidavit were sufficient to constitute *probable cause* for the issuance of the warrant.

■ No contention is advanced that knowledge of the "track marks" was obtained illegally. Such contention could hardly be made in view of the statement in Gilbert v. State of California, 388 U. S. 263, 267, 87 S.Ct. 1951, 1953, 18 L.Ed. 2d 1178 (1967) that the "body itself * * * is an identifying physical characteristic outside" the protection of the fifth amendment. See also Schoenbrun v. United States, 403 F.2d 56 (5th Cir., October 3, 1968).

The judgment appealed from is correct and is affirmed.