Arthur Lira AYALA, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20953.

United States Court of Appeals Ninth Circuit.

Jan. 25, 1967.

---

David C. Marcus, Los Angeles, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief Crim. Div., Robert L. Brosio, Asst. U. S. Atty., Asst. Chief Crim. Div., Marcus Tucker, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, MERRILL, and ELY, Circuit Judges.

PER CURIAM.

In a three-count indictment, the appellant was charged with three offenses, namely, illegal concealment and transportation of narcotics, 21 U.S.C. § 176a, illegal sale of narcotics, 21 U.S.C. § 176a, and transfer of narcotics without having obtained a written order of the transferee on a form issued by the Government for that purpose, 26 U.S.C. §§ 4742(a), 7237. In a jury trial, he was convicted of each of the alleged violations. He was sentenced to confinement for a period of five years on each of the counts with the provision that the three sentences be served concurrently. The only point which he presents in this appeal is that the District Court improperly refused his request that the jury be given instructions pertaining to the issue of entrapment. There is no showing that any specific instruction relating to the issue was requested as is required by Rule 30, Federal Rules of Criminal Procedure.

■ The record discloses that the sale of which appellant was accused in Count Two, upon which sale the Count Three charge of transfer without a written order was based, occurred through the intervention of a government agent. This being true, and the appellant having asserted the defense of entrapment, the District Court should have given instructions pertaining to the issue. Notaro v. United States, 363 F.2d 169 (9th Cir. 1966).

■■ If error occurred, however, in the failure to instruct the jury relative to the particular issue, the error could have no effect other than as to the convictions on Counts Two and Three of the indictment. Where a conviction on one count is found on appeal to be valid, the appellate court will not inquire into the validity of convictions on other counts which carry sentences concurrent with that of the valid conviction. Page v United States, 356 F.2d 337 (9th Cir. 1966). There is absolutely no evidence that the offense alleged in Count One was attended by the intervention of a government agent. The evidence was adequate to support the conviction on this count, and any error which may have affected the validity of the convictions on Counts Two and Three was not of such gravity as to contaminate the conviction for an offense committed by the appellant independently, insofar as the record shows, of any inducement or participation by representatives of the Government.

Affirmed.