Johnny **SABBATH**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 21353.

United States Court of Appeals
Ninth Circuit.

June 27, 1967.

Before CHAMBERS and BARNES, Circuit Judges, and SMITH,* District Judge.

RUSSELL E. SMITH, District Judge:

Defendant, convicted on one count of importing cocaine, and on a second count of concealing and facilitating the transportation of the same cocaine in violation of 21 U.S.C. § 174, appeals from the judgment of conviction, asserting as error the admission of evidence seized at the time of his arrest.

█ Unless made as an incident of a lawful arrest the seizure was invalid on fourth amendment grounds because it was accomplished as the result of a search without a warrant. The arrest in turn depends upon whether the arresting officers had reasonable cause to believe that the defendant was committing, or had committed a felony.[1]

The facts are these: On February 19, 1966, one William Jones was searched at the Mexican border and found to be in possession of a condom containing about an ounce of cocaine. He told the customs officers that he had been taken to Mexico by defendant in defendant's car and promised $100.00 if he would bring the cocaine, which defendant gave to him, back to the United States. Jones had in his possession a card with the word "Johnny" and the number "758–9794", written upon it. On the next day a Customs Investigator dialed Los Angeles 758–9794 whereupon Jones talked over the telephone to a male at the other end of the line whom he addressed as Johnny and to whom he identified himself as "B. J." Jones stated that he still had his thing. The person at the other end asked if Jones had had any trouble getting through the line and Jones said "no". The party at the other end then said, "Well, I had a little trouble down there but I'll tell you about that when I see you." Jones asked the other person if he was going to be home and receiving an affirma-

Richard G. Tatus, San Deigo, Cal., for appellant.

Edwin L. Miller, Jr., U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., San Diego, Cal., for appellee.

---

* Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

1. 26 U.S.C. § 7607; Spurlock v. United States, 9 Cir. 1961, 295 F.2d 387.

tive answer said, "All right, I'm on my way up. I'll see you in a little while." The federal officer then placed a radio transmitter device on Jones and accompanied him to defendant's apartment. Jones entered the apartment with the cocaine and a customs agent by radio receiver monitored the subsequent conversation.[2] Because of the interference from a phonograph which was running in the apartment, only parts of the conversation were heard. The officer did hear a woman answer the door and heard Jones ask if Johnny was in. The officer heard the female voice respond, "Yes, just a minute"; heard a male voice saying "Did you have any problems getting through the line"; and heard Jones respond "No" and something about a package. In the meantime Jones delivered the cocaine to defendant. Then the agent knocked, waited a few seconds and then entered the apartment through the closed but unlocked door. Defendant, who was seated on a couch, put his hands beneath the cushions and then pulled them out. Defendant was then arrested. The officer searched the couch at the point where defendant's hands had been and found the condom containing the cocaine. A subsequent search of the apartment disclosed a quantity of tinfoil squares and balloons.

■ Information from an informer not known to be reliable does not constitute probable cause for an arrest without a warrant. If, however, by the time of the arrest there has been such corroboration of the informer's information to warrant a man of reasonable caution in the belief that an offense has been or is being committed, then probable cause does exist.[3] Each case turns largely on its own facts. By the time the arrest was made and apart from anything said by Jones, the officer knew that Jones had brought narcotics over the border, that he had a card with defendant's telephone number in his possession, that defendant knew Jones and was willing to receive him in his home, that defendant knew that Jones had been across the border, that defendant himself had been near the border and that Jones and defendant had some mutual interest in a thing or package. These facts are sufficient to distinguish this case from Castillon v. United States, 9 Cir. 1962, 298 F.2d 256, and Wong Sung v. United States, 9 Cir. 1961, 288 F.2d 366, rev'd 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). There was probable cause.

■ Defendant further contends that even if there was probable cause for the arrest, the failure of the arresting officers to identify themselves and request permission to enter, made the arrest unlawful and tainted the search. It is settled that the method of entry into a dwelling, even where there is a power to arrest, may taint the arrest and the subsequent search. Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958).

■■ It is not clear just what law sets the standards which govern an officer's entry into a dwelling for the purpose of making an arrest. When the arrest is made by a state officer for a federal offense, it has been said that the arrest is to be tested by the law of the state.[4] Some courts relying on

2. The admission of the evidence obtained by the transmitting and receiving equipment was not made the basis of an objection in the trial court nor was it specified as error or argued to be error in this court.

3. Rodgers v. United States, 9 Cir. 1959, 267 F.2d 79.

4. United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948) where the arrest was made by a state officer accompanied by an O.P.A. investigator who had no power of arrest. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), where the arrest was made by a Seattle police officer. Williams v. United States, 9 Cir. 1959, 273 F.2d 781, where the arrest was made by a California police officer. Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958), may cast some doubt upon this language even as to state officers. See the dissenting opinion.

United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1947), have held that arrests by federal officers for federal offenses, in the absence of a federal statute, are governed by state law.[5] There is no statute which expressly provides for the method of entry by federal officers who arrest without a warrant. Section 3109 of Title 18 U.S.C. does prescribe the method of entry in the execution of a search warrant,[6] and we believe that the effect of Miller v. United States, supra, is to make this statute applicable to arrests by federal officers for federal offenses.[7] So we treat the problem as one of federal law.[8]

■ If the entry made by opening a closed door without the necessary statutory formality was a breaking, then the federal law was violated and the arrest was unlawful. We turn to that problem:

■ The case [9] holding that any entry is a breaking unless there is permission has been repudiated in this Circuit, and it is the rule here that an entry through an open door is not a breaking, even though there be no permission.[10] An entry gained by ruse or deception unassociated with force is not a breaking.[11] Where officers without the authority of the tenant secure a pass key from the landlord and enter by means of the key, such is a breaking.[12]

■ We hold that an entry made through a closed but unlocked door is not a breaking.[13] We realize that the distinction between using a door knob to turn a latch, and using a key obtained without permission to turn a bolt, may be slight. It may be that a door which is locked does give more warning of a desire for privacy than one which is not locked; but, in any event, we are of the opinion that the word "break" has been taken far enough from the connotations of force which usually accompany it,[14] and we are not willing to take it any further for the purpose of enlarging a rule of exclusion. The arrest was lawful.

■ It is urged that the district court erred in admitting evidence in rebuttal which concededly might have been admitted in the government's case in chief. This is a matter within the discretion of the trial court,[15] and under the circumstances here we find no abuse of discretion.

The judgment appealed from is affirmed.

---

5. Coplon v. United States, 1951, 89 U.S. App.D.C. 103, 191 F.2d 749; Janney v. United States, 4 Cir. 1953, 206 F.2d 601; United States v. Perez, 2 Cir. 1957, 242 F.2d 867.

6. The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant. 18 U.S.C. § 3109.

7. We realize that Miller dealt with an arrest by an officer of the District of Columbia, but we believe that the result was based on § 3109.

8. Dickey v. United States, 9 Cir. 1964, 332 F.2d 773.

9. Keiningham v. United States, 109 U.S. App.D.C. 272, 287 F.2d 126, 1960.

10. Ng Pui Yu v. United States, 9 Cir. 1965, 352 F.2d 626.

11. Leahy v. United States, 9 Cir. 1959, 272 F.2d 487.

12. Munoz v. United States, 9 Cir. 1963, 325 F.2d 23.

13. United States v. Bowman, D.D.C.1956, 137 F.Supp. 385. This result is in accord with that reached in Williams v. United States, supra, note 4, although as indicated that case was decided on the basis of California law.

14. Webster's Third New International Dictionary (1966).

15. United States v. Crowe, 7 Cir. 1951, 188 F.2d 209.