**Richard JACK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20983.**

United States Court of Appeals Ninth Circuit.

Nov. 28, 1967.

---

2. See footnote No. 1, supra.

David H. Bowers, G. Michael Priest, San Jose, Cal. (argued), for appellant.

Cecil F. Poole, U. S. Atty., San Francisco, Cal., William B. Shubb, Sp. Asst. to U. S. Atty., Sacramento, Cal. (argued), for appellee.

Before HAMLEY and MERRILL, Circuit Judges*.

MERRILL, Circuit Judge:

Appellant, following jury trial, was found guilty on two counts of narcotics violations designated as counts 1 and 3. He was sentenced to imprisonment for terms of 20 years on each count, the sentences to run concurrently. Upon this appeal error is assigned in four respects.

1. Assignment of error is not available to appellant as to the instruction of which he complains, since no objection was interposed at trial. Rule 30, F.R.Cr.P. Moreover, we recently upheld a similar instruction in Robison

v. United States, 379 F.2d 338 (9th Cir. 1967).

2. There is no merit in appellant's contention, as to count 1, that it was error to receive evidence of a conversation transmitted to a state narcotics agent by means of a Fargo device concealed on an informer who was purchasing narcotics from appellant. Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963); On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270 (1952); Todisco v. United States, 298 F.2d 208 (9th Cir.), cert. denied, 368 U.S. 989, 82 S.Ct. 602, 7 L.Ed.2d 527 (1962). Here the testimony of the officer who overheard the conversation was used solely to corroborate the informer's testimony, as were the recordings in *Lopez* and *Todisco*. That the conversation took place in appellant's home does not distinguish this case from those previously cited. His home was, at the time, being used as a place of business and the recorded conversation concerned solely the specific business transaction for which the informer had been invited into it. As the Supreme Court said recently in Lewis v. United States, 385 U.S. 206, 211, 87 S.Ct. 424, 427, 17 L.Ed.2d 312 (1966):

"When * * * the home is converted into a commercial center to which outsiders are invited for purposes of transacting unlawful business, that business is entitled to no greater sanctity than if it were carried on in a store, a garage, a car, or on the street."

3. Appellant contends as to count 3 that it was error to deny suppression of heroin obtained as the result of what he asserts was an unlawful search. The search was without warrant but was incident to an arrest. Appellant's first challenge to the search is an attack upon the validity of the arrest to which it was incident.

The arrest was pursuant to a warrant. At the time of trial the warrant and

---

* The panel hearing this case originally included District Judge William C. Mathes. Judge Mathes died following argument of the case and did not participate in the decision here reached.

the affidavit on which it was based had been lost. However, the incident on which this count was based followed by some three months that which was the basis for count 1. Clearly appellant was then subject to arrest for the count 1 violation. Since the police were in possession of the information given by the informant-purchaser and the agent who overheard his conversation with appellant, there can be no question but that probable cause for the arrest existed.

This does not, however, establish that the warrant was validly issued and that an arrest pursuant to the warrant was valid. We do not have testimony that information as to the count 1 offense was communicated to the magistrate who issued the arrest warrant and that the count 1 offense was the basis for the warrant. Nor can we assume that such was the case.

The Government, however, contends on appeal that the count 1 offense constituted sufficient grounds for arrest without a warrant, presumably under 26 U.S.C. § 7607 or California law. This contention was not made at trial. Where such failure has prejudiced the defendant by denying him opportunity to rebut the contention of probable cause, the Supreme Court has held the contention barred on appeal. Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).

■ We do not find such prejudice here. All the evidence upon which appellant's conviction on count 1 was based was in the hands of the Government prior to the arrest. Evidence which supports a conviction *a fortiori* constitutes probable cause for an arrest without warrant. Appellant had ample opportunity to attack this evidence at trial, and did so, albeit in an attempt to show its insufficiency for conviction. We fail to see how he was prejudiced by not being allowed to attack the same evidence separately as insufficient to support his arrest in the absence of a valid warrant.

The arrest, then, was valid as a warrantless arrest for the count 1 offense.

■ Appellant further challenges the search upon the ground of unlawful entry into his home by the arresting officers. The record contains testimony that the officers had knocked, announced their identity and the fact that they had an arrest warrant, heard movement within the apartment, and, being denied admittance, had entered by means of a passkey secured from the landlord. Entry by a passkey obtained without permission of the tenant constitutes a "breaking." Munoz v. United States, 325 F.2d 23 (9th Cir. 1963). As such, it must be tested by federal standards under which such a "breaking" is allowed for the purpose of making an arrest, embodied in 18 U.S.C. § 3109. See Sabbath v. United States, 380 F.2d 108 (9th Cir. 1967). Viewing the evidence in the light most favorable to the Government, Cognetta v. United States, 313 F.2d 870 (9th Cir. 1963), we find those requirements met here.

Appellant finally challenges the search itself as unreasonably broad under United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950). Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), has obliterated the former distinction between searches for "mere evidence" and those for "fruits or instrumentalities" of crime. We do not, however, read *Hayden* as sanctioning, without a warrant, an unbounded search of an entire apartment for evidence of *any* crime. "General exploratory searches" of the type condemned in United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877 (1932), must still be suspect.

■ The search incident to arrest is a narrow exception to the warrant requirement which must still meet the Fourth Amendment test of reasonableness. See Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). If a search for evidence of crime is justified as incident to an arrest, it must be because the evidence relates to the crime for which the arrest is made, as it did in *Hayden*, and not to

some other charge the police had hopes of being able to bring against the person arrested.

We have assumed, in holding it lawful, that the arrest in question was made for the count 1 offense. The Government suggests that the arresting officers may well have been searching for some evidence of this offense, such as the marked bills passed during the transaction. If the record credibly supported the proposition that the search had had such a purpose and that the heroin was discovered in the process, we would affirm. There is no such support, however, and we cannot infer that the agents entertained thoughts of discovering bills passed three months earlier.

▮ If in fact the arrest was made, not solely on the count 1 offense, but on probable cause to believe guilt of the count 3 offense as well, the search, as incident to such an arrest, would not have been unduly broad. The Government does not so contend, however, and could not, under *Giordenello*, so contend for the first time on appeal.

Thus further hearing must be held on appellant's motion to suppress to determine whether the scope of the search was unconstitutionally broad, given its purposes and the grounds for arrest.

4. Count 1 was the subject of an earlier proceeding in which, on a plea of guilty, appellant was sentenced to a term of 18 years. On motion of the appellant to the District Court this sentence was set aside under the provisions of 28 U.S.C. § 2255, upon the ground that the court had not properly met the requirements of Rule 11, F.R.Cr.P. Appellant then pleaded not guilty and the present trial followed. Appellant now contends that by increasing the sentence to 20 years, the District Court violated his constitutional rights. This issue is dividing the circuits [1] and we refrain from deciding it at this time.

If the conviction on count 3 stands after remand to determine the validity of the search of appellant's apartment, then the 20-year sentence on this count cannot be attacked because appellant was not formerly tried for this offense. Since the sentence on count 1 is concurrent with the sentence on count 3, we then would not need to examine appellant's contention that the count 1 sentence could not be increased on retrial. *Ayala v. United States*, 371 F.2d 515 (9th Cir. 1967). If the search is found unconstitutional, however, we will then face this issue. Since the matter must in any event be remanded, we invite the District Court, in dealing with the problems these two counts present, to re-examine the matter of sentence. Should it determine that the sentences on both counts should be reduced to 18 years, a hearing on the reasonableness of the search would be unnecessary, for count 1 would then stand without further attack and the concurrent sentence on count 3 need not be re-examined under *Ayala,* supra.

Remanded for further proceedings.

1. Patton v. State of North Carolina, 381 F.2d 636 (4th Cir. 1967), declares a blanket prohibition on increased sentence upon retrial, while Marano v. United States, 374 F.2d 583 (1st Cir. 1967), allows an exception for pre-sentencing reports relied upon by the sentencing judge, so long as he states his grounds upon the record. United States ex rel. Starner v. Russell, 378 F.2d 808 (3d Cir. 1967), and United States v. White, 382 F.2d 445 (7th Cir. 1967), hold increased sentence to be within the unarticulated discretion of the trial judge, so long as it is not imposed to penalize the defendant for having taken an appeal. Cf. Walsh v. United States, 374 F.2d 421 (9th Cir. 1967).