UNITED STATES of America,
Appellant,

v.

Frank Karl SELBY, Steven Arthur Clark, Paul Evans Carbone, Carol Nalani Palmieri, and Elaine Rose Fodor, Appellees.

No. 22719.

United States Court of Appeals
Ninth Circuit.

Feb. 13, 1969.

Jo Ann Diamos (argued), Asst. U. S. Atty., Edward E. Davis, U. S. Atty., Tucson, Ariz., for appellant.

George H. Chula (argued), and Sidney Lester (argued), Santa Ana, Cal., William L. Berlat, Tucson, Ariz., for appellees.

Before JONES*, BARNES and HAMLEY, Circuit Judges.

BARNES, Circuit Judge:

Appellees were indicted on November 8, 1967, for conspiring to import, receive, conceal, buy, sell and facilitate the transportation of approximately 332 pounds of bulk marijuana, a violation of 21 U.S.C.

* Hon. Warren L. Jones, Senior Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

242

§ 176a. Two of the appellees, Selby and Palmieri, were also indicted on a second count, under 21 U.S.C. § 176a, for knowingly importing the 332 pounds of bulk marijuana with intent to defraud the United States.

Appellees moved to suppress the incriminating evidence on Fourth Amendment grounds. This was granted, and it is the granting of this motion that the Government appeals here under 18 U.S.C. § 1404, an action cognizable in this court under 28 U.S.C. § 1294(1).

Driving a camper truck where the marijuana was concealed, appellees Selby and Palmieri, who claimed they were en route to Mazatlan, Mexico, told the customs inspector on duty at the port of entry at Lukeville, Arizona, that they wished to enter the United States long enough to have an affidavit, needed for a Mexican tourist car permit, notarized. After a somewhat cursory inspection, the guard nevertheless passed the vehicle and its occupants for re-entry into this country. Immediately after the camper had been cleared, the second group of appellees, Clark, Carbone, and Fodor, having stated they had nothing to declare, crossed the border in a Volkswagen.

When the camper, followed by the Volkswagen, drove north instead of re-crossing the border, the port director, who had taken the names of all five appellees, telephoned his superior at the Nogales Customs Office to inquire if there was information on appellees. He was told that, according to the personal knowledge of the Nogales official he spoke to, all the appellees, except Palmieri, were narcotics violators, and he was ordered to instruct the sheriff's office, located forty miles north on the road taken by appellees, to stop and return the appellees so they could register in accordance with 18 U.S.C. § 1407.[1]

Between forty-five minutes and an hour later, sheriff's deputies stopped the cars near Ajo and escorted appellees back to the border "to sign some papers." When they were told of the registration law, appellees stated the requirement did not apply to them. At the border, an inspector, whose attention was drawn to a door panel, thought he smelled marijuana at that door's window opening. When the panel was removed, the first cache of marijuana was found.

In ruling that the discovered marijuana was inadmissible evidence, as it had been illegally seized, the trial court reasoned that since there had been an initial inspection, the second, successful search failed to qualify as a border search not requiring probable cause. The latter examination was incident to the detention at and forceable return from Ajo. Because that taking into custody was not supported by probable cause and was hence unlawful, the lower court held the attendant search was constitutionally unacceptable.

We find this analysis persuasive and affirm the trial court's exclusionary ruling.

 The stopping of the vehicles at Ajo and the forceable return of appellees, as a restriction of their "liberty of movement," constituted an arrest. Henry v. United States, 361 U.S. 98, 103, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959). If this arrest were "legal"—that is, made with "probable cause," then the fruitful search, assuming it to have been "reasonable, incidental and contemporaneous" was acceptable. Oelke v. United States, 389 F.2d 668, 672 (9th Cir. 1967). See, Sabbath v. United States, 380 F.2d 108, 109 (9th Cir. 1967). Probable cause at the time of arrest is determined by

1. Registration at the border is required of a person "who has been convicted of a violation of any of the narcotic or marijuana laws of the United States, or of any State thereof, the penalty for which is imprisonment for more than one year.

* * *" 18 U.S.C. § 1407(a). See, 19 C.F.R. § 23.9a. Failure to register is punishable by a fine of up to $1000 and imprisonment for not less than one nor more than three years. 18 U.S.C. § 1407(b).

examining "whether at that moment the facts and circumstances within their (the authorities') knowledge and of which they had reasonable trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). Our review of the record compels us to conclude that, measured by this standard, justification for the arrest did not exist.

 At the moment of apprehension, the sheriff's deputies knew only that the camper, followed by the Volkswagen, had taken the road north instead of south and that some passengers in the car were alleged narcotics violators who were obligated to register at the border. The first piece of information is susceptible to a variety of credible interpretations not necessarily compatible with nefarious activities. For example, the occupants of the camper might have been unable to find a notary near the border, as they had anticipated, and were simply driving north in an attempt to locate one. We know now that was not true, because of what the search revealed. This, of course, proves nothing here material. The mere fact that they failed to recross the border does not justify their arrest.

The information received by the customs agent at Lukeville was that all appellees except Palmieri were "narcotics violators." (R.T. at 140). This officer testified that he knew that Selby, Clark, and Fodor had been arrested and that he had information indicating Carbone was a suspected violator. (R.T. at 143.) However, he only had knowledge of a conviction in Clark's case. (R.T. at 145–146.) No testimony was elicited as to the length of sentence imposed.

Recent judicial application of 18 U.S.C. § 1407 has resulted in the rule that those suspected of failing to register are to be advised of this duty and given an opportunity to comply with the requirements. United States v. Sansone,

385 F.2d 247 (7th Cir. 1967); United States v. Jones, 368 F.2d 795 (2d Cir. 1966). For the authorities to stop and advise appellees of their alleged obligation was, thus, responsive to the interpretation and application of the statute. However, lacking proof that appellees were required to register and absent other facts, the deputies were powerless to arrest them. The return of appellees to the border was thus illegal, and their failure to have registered cannot be taken as a crime supporting a lawful arrest which would justify a search.

We hold that the search revealing the secreted marijuana was illegal and affirm the district court's ruling excluding that evidence. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914).

Affirmed.