**UNITED STATES of America**

v.

**Daniel Irwin COHEN.**

**Crim. No. 69–B–828.**

United States District Court,
S. D. Texas,
Brownsville Division.

Oct. 14, 1970.

Anthony J. P. Farris, U. S. Atty., Houston, Tex., and Raul A. Gonzalez, Asst. U. S. Atty., Brownsville, Tex., for the Government.

Raymond E. Ehrlich, Pharr, Tex., for defendant.

## MEMORANDUM AND JUDGMENT OF ACQUITTAL

GARZA, District Judge.

Defendant Daniel Irwin Cohen, a United States citizen, was indicated for failure to register when he entered the United States at the Port of Hidalgo, Texas, in violation of Section 1407, Title 18, United States Code. He waived a jury and was tried to the Court.

The evidence presented by the Government showed conclusively that Daniel Irwin Cohen was a citizen of the United States, and that he had been convicted of possession of marihuana in the State of New York.

He arrived in the United States in a Mexican taxicab. Because the taxicab was from the interior of Mexico, the Customs Officer at the primary inspection point ordered the taxicab and its occupants to proceed to the secondary inspection area for further inspection. While examining the belongings of the Defendant Cohen, one of the Customs Inspectors noted some debris that he thought might be marihuana, and ordered Cohen inside the Customshouse for a personal search, which proved to reveal no contraband.

The Customs Service at International Ports of Entry apparently have a form that must be filled out every time that a person is given a personal search. Such a form was filled out in the case of Defendant Cohen, and was introduced as Government's Exhibit No. 1. The form generally states the reason for the search, which in this case was "suspicion". The person being searched is asked questions by the Searching Officer. One of the questions asked was if Cohen had ever been convicted. In response to said question, Defendant Cohen readily admitted to the Officer that he had been convicted of possession of marihuana in the State of New York. Neither Inspector Flowers, who conducted the personal

search, nor any of the other officers offered Cohen a form to register, nor advised him that he had to register, under Section 1407.

Upon ascertaining that Defendant Cohen had been previously convicted of a narcotics violation, Inspector Flowers felt that he had violated Section 1407 and called Special Agents of the Customs to come and take over the investigation. Special Agent Thomas B. Murphy, of New York, and a partner, who were on special assignment at Hidalgo, Texas, during "Operation Intercept", came to the Bridge to take over the investigation. Special Agent Murphy also testified that at no time did he offer the form to Cohen to register, although he imagined that such forms were available at the Customshouse, but instead, proceeded to charge Cohen with failure to register under Section 1407.

The Government then rested and Defendant's counsel made a motion for judgment of acquittal, and cited to the Court the cases of United States v. Jones, 368 F.2d 795 (2d C.C.A.1966); United States v. Sansone, 385 F.2d 247 (7th C.C.A.1967); United States v. Selby, 407 F.2d 241 (9th C.C.A.1969), as cases holding that Defendant Cohen should have been tendered a form and been given an opportunity to register his entry into the United States.

Section 1407, Title 18, United States Code, which requires that all of those convicted for violating the narcotics or marihuana laws, or who are narcotics users, are to register their departure from and entry into the United States, prescribes that they shall register under such rules and regulations as may be prescribed by the Secretary of the Treasury. Such rules and regulations prescribed by the Secretary of the Treasury are to be found in 19 C.F.R., Section 23.9a, and are cited in Footnote No. 1 of United States v. Sansone, *supra*. That regulation provides that if a person has not registered going out, or has lost his certificate, or for any reason he cannot present his certificate obtained on his departure, that such person shall register on a Customs' form supplied by the Customs Officer upon his entry into the United States.

A close reading of the cases cited above shows that they hold that under such regulation, it is the duty of a Customs Officer who knows or suspects that a person entering the United States is a prior narcotics violator, or a user, to inform such person of his duty to register and to supply him the form for registering.

■ The object of Section 1407 is to give Customs officials an opportunity to check a previously convicted person of violations of the narcotics and marihuana laws, or a narcotics user more closely for contraband upon his entry. Defendant Cohen did not deny his previous conviction, and with that information, the Customs Officers at the Port of Hidalgo were given the opportunity to check the Defendant and his belongings as closely as they wished.

■ If Defendant Cohen had denied any previous conviction and had been allowed to proceed and enter the United States, then, and only then, would he have been in violation of Section 1407, as he never gave the Officers on duty an opportunity to offer him the form to register on, nor the opportunity to check him more closely than they would otherwise.

The Government pointed out during argument on the motion for judgment of acquittal that the Fifth Circuit Court of Appeals has never passed on this point, and while true, this Court does not believe that our Circuit would hold any different than the Second, Seventh or Ninth Circuits.

Since the Customs Officers at the Port of Hidalgo failed to comply with the regulations of the Secretary of the Treasury by not advising Defendant Cohen of his duty to register and offering him the form to do so, the motion for judgment of acquittal was well taken and must be granted.

It is therefore ordered, adjudged and decreed that Defendant Daniel Irwin Co-

hen is found not guilty of the charge against him, and he is hereby discharged.

The Clerk will send copies of this Memorandum and Judgment of Acquittal to counsel for the parties and to the Defendant and the U. S. Marshal.