**Richard P. JACK, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 24888.**

United States Court of Appeals,
Ninth Circuit.

Dec. 2, 1970.

Richard P. Jack, in pro. per.

John Hyland, U.S.Atty., Sacramento, Cal., for appellee.

Before HAMLEY, ELY and WRIGHT, Circuit Judges.

PER CURIAM:

█ The appeal in this proceeding under 28 U.S.C. § 2255 is subject to dismissal because appellant also has pending before another panel of this court a direct appeal from the conviction and sentence here under attack. Jack v. United States, Docket No. 23,541, submitted on November 11, 1970. Except under most unusual circumstances,· not here present, no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence. However, we elect to deal with this appeal on the merits.

On March 23, 1966, following proceedings which extended over several years and which are not relevant here, Richard P. Jack was convicted, on a jury verdict, under counts one and three of a four-count indictment charging narcotics offenses. The offenses occurred in July and November, 1961. On ¯March 31, 1966, concurrent sentences of imprisonment for twenty years were entered.

Jack appealed. As to his conviction on count one, he contended that it was error to receive evidence of a conversation transmitted to a state narcotics agent by means of a Fargo device concealed on an informer who was purchasing narcotics from Jack in the latter's home. We rejected this Fourth Amendment contention on the grounds that: (1) the overheard conversation was used solely to corroborate the informer's testimony, and (2) Jack was using his home as a place of business and the recorded conversation concerned solely the specific business transaction for which the informer had been invited into the home. Jack v. United States, 387 F.2d 471, 472 (9th Cir. 1967).

As to his conviction on count three, which related to a different transaction, this court remanded for a determination as to whether the scope of a search was unconstitutionally broad. The opinion also provided that if, on remand, the conviction on count three were set aside, the district court should determine whether the sentence on count one had been validly increased from eighteen years to twenty years as a result of a remand in a prior section 2255 proceeding. Jack, supra, at 473–474.

In the remanded proceedings, the district court, on August 22, 1968, reduced to eighteen years the sentences on counts one and three. Since the sentences were concurrent the district court made no determination as to the legality of the count-three search. Jack then took the appeal docketed as No. 23,541 which is now pending before another panel.

Jack filed the section 2255 motion now before us on June 9, 1969. In this motion, Jack's only ground for relief is that the evidence obtained from him with reference to count one, obtained by means of an informer wearing a transmitter "accomplished by a physical trespass" constituted an unreasonable search and seizure.[1] The district court denied the motion without granting an evidentiary hearing stating that such a proceeding was "unnecessary for a determination of the issues petitioner now seeks to raise."

The Supreme Court has recently decided Kaufman v. United States, 394 U. S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), dealing with the conditions requiring the grant of an evidentiary hearing in a section 2255 proceeding. The Court held that such conditions are identical to those requiring the grant of an evidentiary hearing in a federal habeas corpus proceeding for a state prisoner except that the adequacy of the

---

1. In this section 2255 motion, Jack presents, as a second question, whether he has standing to object to the evidence obtained by means of electronic surveillance.

fact-finding procedures established by the federal rules need not be examined. *Id.* at 226–227, 89 S.Ct. 1068. Therefore, as in the case of state prisoners, the criteria of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) apply to the consideration of the district court's action here.

Jack is seeking to raise the identical legal issue which was determined on the prior direct appeal. The fact that the legal claim has been determined in an appellate proceeding by this court is not necessarily determinative in a section 2255 proceeding. There are circumstances where the district court would be compelled, even in the face of such an appellate determination, to hold an evidentiary hearing on the claims of a federal prisoner.[2]

Here, however, there are no such circumstances. The facts which Jack alleges were considered in a full and fair hearing in his original pre-trial motion to suppress this evidence. The district court was therefore not required, under *Townsend*, to grant an evidentiary hearing in order to dispose of this section 2255 claim.

The merits of the legal question petitioner presents were raised and adjudicated against Jack in Jack v. United States, 387 F.2d 471 (9th Cir. 1967). As before stated, no additional facts are here alleged. While Jack cites additional cases, none of them call for re-examination of our prior disposition of this question of law. It is true that Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), decided after our prior opinion, announces some new principles governing Government eavesdropping activities. But *Katz* was decided on December 18, 1967, and is not to be applied retroactively with regard to Jack's conviction and sentence in 1966. *See* Desist v. United States, 394 U.S. 244, 89 S.Ct. 1048, 22 L.Ed.2d 248 (1969).

In his reply brief on this appeal, Jack asserts that his present argument differs materially from his prior one, in that he has here, for the first time, raised the issue that his Fourth Amendment rights were contravened under the physical trespass doctrine announced in Silverman v. United States, 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734 (1961). The fact is, however, that in our prior opinion we dealt specifically with that argument, citing Lewis v. United States, 385 U.S. 206, 211, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966). *Lewis* distinguishes *Silverman* on grounds which are equally applicable here. *See Jack*, 387 F.2d at 472.[3]

Under section 2255, a motion thereunder may be denied without hearing if the motion, files and record in the case conclusively show that the prisoner

---

2. Some circumstances under which *Townsend* requires an evidentiary hearing are set out in a dissenting opinion (later approved by the Supreme Court) by Judge Wright of the District of Columbia Court of Appeals:

"Where a federal trial or appellate court has had a 'say' on a federal prisoner's claim, there may be no need for collateral relitigation. But what if the federal trial or appellate court said nothing because the issue was not raised? What if it is unclear whether the 'say' was on the merits? What if new law has been made or facts uncovered relating to the constitutional claim since the trial and appeal? What if the trial or appellate court based its rulings on findings of fact made after a hearing not 'full and fair' within the meaning of Townsend v. Sain * * *?" Thornton v. United States, 125 U.S. App.D.C. 114, 368 F.2d 822, 831 (1966) (approved by the Supreme Court, Kaufman v. United States, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

3. The law relating to electronic surveillance may undergo further changes as the result of the granting of certiorari in United States v. White, 394 U.S. 957, 89 S.Ct. 1305, 22 L.Ed.2d 559 (1969) (cert. granted), 396 U.S. 1035, 90 S.Ct. 677, 24 L.Ed.2d 679 (1970) (restored for reargument). But as the law now stands Jack's conviction and sentence on count one is valid.

is entitled to no relief. In view of the history of this case, as reviewed above, we think the district court did not err in so disposing of this motion.

Affirmed.