**UNITED STATES of America, Appellee,**

v.

**Richard JACK, Appellant.**

**No. 23541.**

United States Court of Appeals, Ninth Circuit.

Feb. 24, 1971.

Michael J. Kutsko, San Francisco, Cal., for appellant.

Dwayne Keyes, U. S. Atty., Will B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before BARNES, MERRILL and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

This is another case involving the concurrent sentence doctrine. In 1961, appellant was indicted on three counts for violations of the federal narcotics laws (21 U.S.C. § 174). He entered a plea of not guilty to all counts. While awaiting trial, a second indictment was filed charging appellant with other violations of the narcotics laws. In 1963, he withdrew his not guilty plea and entered a plea of guilty as to one of the first indictment counts. He also plead guilty to the charge contained in the second indictment. He was sentenced to imprisonment for terms of 18 years on both counts, the sentences to run concurrently. The remaining counts of the first indictment were dismissed.

In 1965, appellant filed a motion pursuant to 28 U.S.C. § 2255 to have these sentences vacated on the ground that the district court, in accepting his guilty plea, had not satisfied the requirements of Rule 11 of the Fed.Rules of Crim.Procedure. The motion was granted. Thereafter, he was reindicted on four counts. Count 2 was dismissed, and count 4 was transferred to another division for trial.

In 1966, after a jury trial, appellant was found guilty on counts 1 and 3. He was sentenced to imprisonment for terms of twenty years on each count, the sentences to run concurrently. On appeal, this court remanded the case for further proceedings not inconsistent with its opinion. The district court was instructed as follows:

"If the conviction on count 3 stands after remand to determine the validity of the search of appellant's apartment, then the 20-year sentence on this count cannot be attacked because appellant was not formerly tried for this offense. Since the sentence on count 1 is concurrent with the sentence on count 3, we then would not need to examine appellant's contention that the count 1 sentence could not be increased on retrial. Ayala v. United States, 371 F.2d 515 (9th Cir. 1967). If the search is found unconstitutional, however, we will then face this issue. Since the matter must in any event be remanded, we invite the District Court, in dealing with the problems these two counts present, to re-examine the matter of sentence. Should it determine that the sentences on both counts should be reduced to 18 years, a hearing on the reasonableness of the search would be unnecessary, for count 1 would then stand without further attack and the concurrent sentence on count 3 need not be re-examined under Ayala, supra." Jack v. United States, (9 Cir. 1967) 387 F.2d 471, 474.

On remand, the district court adopted the circuit court's suggestion to reduce the appellant's sentence to 18 years on

each count. Appellant now appeals that decision. We affirm the district court.[1]

Count 1 involves the same charge that appeared on the first indictment. As stated, appellant plead guilty to that charge and was sentenced to a term of 18 years, but later had the sentence set aside under 28 U.S.C. § 2255. Thereafter, appellant was reindicted and convicted on count 1, and sentenced to a term of 20 years. In his prior appeal, he contended that increasing his sentence on count 1 from 18 to 20 years was a violation of his constitutional rights. At the time of that appeal, the circuits were divided on that issue but the Supreme Court has since resolved the conflict in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We do not reach the problem of the procedure outlined in *Pearce* in connection with resentencing.

In the prior appeal, this court refrained from deciding the increased sentencing issue, but "invited" the district court on remand to consider reducing the sentence on both counts to 18 years. The circuit court suggested that, by reducing both sentences, the district court would remove appellant's ground for complaint on count 1, and the hearing on count 3 would be unnecessary, based on the concurrent sentence doctrine of Ayala v. United States (9 Cir. 1967) 371 F.2d 515. The district court adopted this approach on remand, and let stand appellant's conviction on count 1 without a hearing on his motion to suppress. The district court's application of *Ayala* was based on the instructions on remand given by the circuit court. These instructions indicated that the circuit court had determined that *Ayala* was applicable [387 F.2d at 474].

*Ayala* did not cite, but applied the concurrent doctrine of Hirabayashi v. United States (1943) 320 U.S. 81, 105,

63 S.Ct. 1375, 87 L.Ed. 1774. Benton v. Maryland (1969) 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 has not abolished that doctrine as a tool of judicial convenience. Neither party cites the recent decisions of this circuit since *Benton*, that have applied the concurrent sentence doctrine. *See, e. g.* Jordan v. United States (9 Cir. 1969) 416 F.2d 338; Keith v. United States (9 Cir. 1970) 421 F.2d 1295; United States v. Tamayo (9 Cir. 1970) 427 F.2d 1072; United States v. Wong (9 Cir. 1970) 425 F.2d 1077; Johnson v. United States (9 Cir. 1970) 427 F.2d 537; United States v. McKinney (9 Cir. 1970) 433 F.2d 921.

Appellant argues that *Ayala* can be distinguished from the instant case because the evidence being attacked by his motion to suppress on count 3 has "contaminated" the jury's consideration of his guilt on count 1. In *Jordan, supra,* the appellant made a similar "contamination" claim regarding allegedly illegally seized evidence. This court held that, even if the search was illegal, the conviction under the related count need not be considered because of valid concurrent sentences on other counts [416 F.2d at 346]. We likewise reject appellant's contamination argument.

Appellant's attack on his concurrent sentences is largely a rehash of materials found in Benton v. Maryland, *supra.* That case held only that the concurrent sentence doctrine enunciated in Hirabayashi v. United States, *supra,* did not constitute a jurisdictional bar to the decision by the Supreme Court, deciding a double jeopardy question arising in one of two concurrent sentences. An inspection of the record here indicates that the problem appellant attempts to raise was not raised below, but was mentioned for the first time in appellant's supplemental brief on appeal. The question raised should be presented first to a district court.

1. While this appeal was pending, appellant also appealed from a denial of relief under 28 U.S.C. § 2255. Although recognizing that no defendant in a federal criminal prosecution is entitled to proceed under § 2255 while a direct appeal is pending, another panel of this court disposed of the § 2255 appeal in Jack v. United States, 435 F.2d 317 (9 Cir. 1970).

882

Because appellant's conviction on count 1 is valid, the district court was correct in holding that, as a matter of judicial convenience, it need not consider the validity of the conviction on count 3.

The judgment is affirmed.