**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Armando LUCERO, Defendant-Appellant.**

**Nos. 26248, 26249.**

United States Court of Appeals,
Ninth Circuit.

May 18, 1971.

---

* Hon. Bruce Thompson, United States District Court, District of Nevada, sitting by designation.

Ed.2d 707 (1969); Hirabayashi v. United States, 320 U.S. 81, 105, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943); United States v. Jack, 439 F.2d 879 (9th Cir. 1971). There is no merit to the contention that the introduction of this evidence "contaminated" the entire trial. United States v. Jack, supra.

■ (2) The record does not disclose the gross inadequacy of counsel which is required before this court will consider this contention on direct review. United States v. Johnson, 434 F.2d 827, 830 (9th Cir. 1970); United States v. Porter, 431 F.2d 7 (9th Cir. 1970).

Phillip Andreen, San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Criminal Division, Brian E. Michaels, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before BROWNING, CARTER and TRASK, Circuit Judges.

PER CURIAM:

The appellant was convicted and sentenced under two indictments charging him with the smuggling and transportation of aliens (18 U.S.C. § 1324). The sentences were made to run concurrently.

Appellant now contends that the judgment of the trial court must be reversed because of error in allowing the introduction of hearsay evidence. There was no objection made at the trial to its reception. He also contends that he was denied the adequate assistance of counsel. For the following reasons, the judgment must be affirmed.

■ (1) The hearsay related only to charges under one of the two indictments. The concurrent sentences rule makes examination of this assignment of error unnecessary. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.