**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Oscar ASTEGUIETA–LUNA, Defendant-Appellant.**

**No. 26287.**

United States Court of Appeals, Ninth Circuit.

Aug. 27, 1971.

Arthur Mabry, Los Angeles, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, CARTER and WRIGHT, Circuit Judges.

PER CURIAM:

In a trial to the court appellant was convicted on two counts of unlawful concealment and two counts of sale of imported heroin (21 U.S.C. § 174) and two counts of unlawful sale of heroin without obtaining a written order form (26 U.S.C. § 4705(a)). He was given concurrent sentences on the six counts and has appealed. This court has jurisdiction under 28 U.S.C. § 1291. We affirm.

Appellant raises three issues: (1) Is the presumption of knowledge (21 U.S.C. § 174) constitutional? (2) Did a delay of two and one-half months from time of the offenses to date of arrest deprive him of due process? (3) Is 28 U.S.C. § 4705(a) unconstitutionally vague and did the government fail in its burden of proof in the counts under that section?

The presumption in § 174 has been found to be constitutional. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). The burden was on appellant to overcome the presumption by demonstrating the fact or likelihood that the heroin came from a domestic source. He did not sustain the burden.

There was shown no prejudice from the delay between the offenses and arrest, and we dismiss this assignment of error under Wilson v. United States, 409 F.2d 184 (9th Cir. 1969), cert. denied, 395 U.S. 983, 89 S.Ct. 2146, 23 L. Ed.2d 771 (1969), in which there had been a seven-month delay.

The remaining issue need not be considered, appellant having received concurrent sentences on all counts. United States v. Lucero, 443 F.2d 64 (9th Cir. 1971); United States v. Jack, 439 F.2d 879 (9th Cir. 1971).

The decision of the district court is affirmed and the mandate will issue forthwith.