908 F.2d 978
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert HILL, Defendant-Appellant.
 
 1
 Nos. 89-15656, 89-15981.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Submitted July 18, 1990.
Decided July 24, 1990.
 
 3
 Before ALARCON, POOLE, Circuit Judges, and JOHN G. DAVIES,*** District Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 Robert Hill appeals both the district court's denial and subsequent decision to withdraw its denial of his 28 U.S.C. Sec. 2255 motion. We affirm the district court's decision to withdraw its order denying Hill's motion.
 
 FACTS AND PROCEDURAL HISTORY
 
 6
 On March 9, 1988, Hill pleaded guilty to one count of possession with the intent to distribute cocaine and one count of carrying a sawed-off shotgun during and in relation to his possession with intent to distribute. Hill's plea to the first count was unconditional. His plea to the second was conditioned upon the appeal of the denial of his motion to suppress evidence. Hill was sentenced to 10 years imprisonment for the first count and a consecutive five year sentence to the second.
 
 
 7
 On April 22, 1988, Hill filed a direct appeal, United States v. Hill, No. 88-1176, claiming that the district court should have granted his motion to suppress. Because the reporter's notes of Hill's original suppression hearing had been destroyed by fire, Hill's direct appeal was remanded to the district court for a new suppression hearing. By order filed January 25, 1990, the district court again denied the motion to suppress. Hill's direct appeal to this court is still pending.
 
 
 8
 While his direct appeal was pending, on April 7, 1989, Hill filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. Sec. 2255. By order dated April 27, 1989 the district court denied Hill's motion without an evidentiary hearing. Hill appealed the denial to this court on May 9, 1989. On June 29, 1989, having discovered that Hill's direct appeal was still pending, the district court withdrew its order denying Hill's motion. On July 20, 1989, Hill appealed the district court's decision to withdraw its denial. These appeals have been consolidated. However, by order dated July 19, 1989, this court denied Hill's motion to consolidate his direct appeal with his appeals from the district court's denial and withdrawal of its denial of his section 2255 motion.
 
 
 9
 With regard to his section 2255 motion, Hill argues that his attorney at his original suppression hearing was ineffective as was his trial attorney, that he was a victim of vindictive prosecution, that the police conducted illegal electronic surveillance, that he did not voluntarily enter his plea agreement, that he was not given access to his presentence reports, and that the district court did not have jurisdiction.
 
 DISCUSSION
 
 10
 Hill presently has a direct appeal from his criminal proceeding pending in this court. We therefore do not address the merits of this present appeal and affirm the district court's decision to withdraw its order denying Hill's section 2255 motion.
 
 
 11
 The fact that Hill has a direct appeal pending does not render this court or the district court without jurisdiction to entertain Hill's section 2255 motion. United States v. Taylor, 648 F.2d 565, 572 (9th Cir.1981). In general, however, a district court should not entertain a collateral attack on a criminal proceeding during the pendency of a direct appeal. See Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir.1987). To avoid the risk of duplicitous or conflicting decisions or of deciding issues rendered moot by the direct appeal, this court has been loath to consider such attacks on a criminal proceeding during the pendency of a direct appeal from that same proceeding. Taylor, 648 F.2d at 572; see also Black v. United States, 269 F.2d 38, 41 (9th Cir.1959). Indeed, absent most unusual circumstances which "outweigh the considerations of administrative convenience and judicial economy," this court will not entertain a collateral attack while the direct appeal is pending. Taylor, 648 F.2d at 572; see also Jack v. United States, 435 F.2d 317, 318 (9th Cir1970) (per curiam). Hill has failed to prove, nor do we find, that unusual circumstances exist in this case. Moreover, we believe that consideration of Hill's section 2255 motion would be premature since at least one, if not more, of the issues Hill raises in his section 2255 motion may be rendered moot upon resolution of his direct appeal. We, therefore, affirm the district court's decision to withdraw its order denying Hill's section 2255 motion.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Federal Rule of Appellate Procedure 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 ***
 Honorable John G. Davies, United States District Judge, Central District of California, sitting by designation