983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wilfredo GOMEZ, Defendant-Appellant.
 Nos. 92-50129, 92-56134.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 30, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wilfredo Gomez appeals his sentence imposed following entry of a guilty plea to aiding and abetting the possession of heroin with intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Gomez also appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. We have jurisdiction under 28 U.S.C. § 1291 and affirm both the sentence and the denial of the section 2255 motion.
 
 
 3
 * Direct Appeal
 
 
 4
 Gomez contends the district court erred by denying him a downward adjustment in his offense level because of his minor role in the offense. The government contends that Gomez has waived his right to appeal this issue.
 
 
 5
 We review de novo whether a criminal defendant has waived his statutory right to appeal. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991); United States v. Navarro-Botello, 912 F.2d 318, 320 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992). "[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made." Bolinger, 940 F.2d at 480.
 
 
 6
 Here, as part of his negotiated plea agreement, Gomez waived the right to appeal "any of the guideline calculations and his sentence." Gomez's challenge here is clearly to the calculation of his adjusted offense level under the United States Sentencing Guidelines. Gomez does not claim on appeal that his waiver was unknowing or involuntary.
 
 
 7
 Therefore, we do not reach the merits of his underlying claim that the district court misapplied the Guidelines. See id.
 
 II
 Section 2255
 
 8
 Gomez contends that he was denied effective assistance of counsel because his counsel failed to argue at sentencing that Gomez merited a reduction in offense level pursuant to U.S.S.G. § 3B1.2 due to his minor role in the offense. Gomez also argues the district court erred by failing to hold an evidentiary hearing on his motion. These contentions are without merit.
 
 
 9
 Although a defendant is generally not entitled to have both a direct appeal and a section 2255 proceeding considered simultaneously, see Tripati v. Henman, 843 F.2d 1161, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir.1987), we nonetheless elect to address the merits of Gomez's section 2255 motion, see Jack v. United States, 435 F.2d 317, 319 (9th Cir.1970), cert. denied, 402 U.S. 933 (1971).
 
 
 10
 We review de novo the denial of a section 2255 motion. Donagiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991). The district court may deny a section 2255 motion without an evidentiary hearing if "the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam).
 
 
 11
 To demonstrate ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 689. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. Prejudice is established if there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Id. at 694.
 
 
 12
 Here, Gomez's claim fails on the first prong of the Strickland test. Despite his protestations to the contrary, it is far from clear that Gomez merited a downward adjustment for minor role in the offense. Therefore, counsel's tactical decision not to challenge the presentence report's failure to recommend such an adjustment falls within the "wide range of reasonable professional assistance." See id. at 689. Accordingly, because the record before the district court demonstrated that Gomez was entitled to no relief, the district court did not err by denying the motion without holding an evidentiary hearing. See 28 U.S.C. § 2255; Watts, 841 F.2d at 277.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3